(117 App. Div. 527)

MILLIKEN v. DOTSON.

(Supreme Court, Appellate Division, First Department. February 15, 1907.)

1. APPEAL—RECORD—EVIDENCE—SUPPLYING DEFECT IN PROOF.

Where, on appeal by defendant in an action on a foreign judgment, it is urged that the judgment record was not authenticated, as required by the statute, the defect may be remedied by the presentation on appeal of a duly authenticated record.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2964.]

2. EVIDENCE—JUDICIAL NOTICE—STATUTES.

　　Const. U. S. art. 1, § 8, subd. 17, gives Congress power to exercise exclusive legislation in all cases over such district as may, by cession and acceptance, become the seat of government. Act Cong. March 3, 1863, c. 91, 12 Stat. 762, relates to the establishment of a judicial system for the District of Columbia, and organizes the courts of that district. *Held* that, in an action on a judgment rendered in the Supreme Court of the District of Columbia, the courts of New York will take judicial notice of the fact that the District of Columbia is the seat of government, and of the act of March 3, 1863.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 54–56.]

　　Appeal from Trial Term.

　　Action by William A. Milliken against Napoleon B. Dotson. From a judgment in favor of plaintiff, from an order denying a motion for a new trial, defendant appeals. Affirmed.

　　Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

　　R. Burnham Moffat, for appellant.

　　Francis I. Osborne, for respondent.

　　PATTERSON, P. J.　On the 10th of November, 1905, this plaintiff recovered a judgment against the defendant herein in the Supreme Court of the District of Columbia, and, such judgment remaining wholly unpaid, this action was brought upon it in the month of March, 1906. On the trial of the present action a document purporting to be a duly authenticated copy of the record of the judgment of the Supreme Court of the District of Columbia was offered in evidence, over the objection and exception of the defendant. It was also contended at the trial that the jurisdiction of the Supreme Court of the District of Columbia to render the judgment upon which this action is based was not established. The trial justice directed a verdict for the plaintiff, and from the judgment entered thereon, and from an order denying a motion for a new trial, the defendant appeals.

　　The only reasons urged upon this appeal for a reversal of the judgment are those presented to and considered by the court below, and which have been hereinabove referred to. That the judgment record was not authenticated in the manner required by the provisions of the Code of Civil Procedure relating to the authentication of records to be read in evidence on the trial of actions in the state of New York was conceded on the argument; but the defect pointed out was remedied, and a duly authenticated record was presented on the argument of the appeal. That an appellate court may allow the production of such a record in support of a judgment is well understood. Dunham v. Townshend, 118 N. Y. 281, 23 N. E. 367. Indeed, that is not controverted by the learned counsel for the appellant here.

　　The only remaining matter for consideration is the objection raised to the jurisdiction of the Supreme Court of the District of Columbia. On the trial the plaintiff appears to have read in evidence certain portions of the act of the Congress of the United States (Act March 3, 1863, c. 91, 12 Stat. 762), entitled "An act to reorganize the courts of the District of Columbia and for other purposes." It is claimed that

this statute was not properly proven. This act of the Congress is one of which courts will take judicial notice. It is a public act. It re'ates to the establishment of a judicial system for the District of Columbia. It organizes the courts of that district, and the authority of the Congress of the United States to pass it is conferred by the Constitution of the United States, which provides in subdivision 17, § 8, art. 1, that the Congress shall have power "to exercise exclusive legislation in all cases whatsoever over such district (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of Congress, become the seat of government of the United States." The court will take judicial notice that the District of Columbia is the seat of government of the United States, made so in pursuance of the provision of the Constitution cited. Congress has exclusive authority to legislate in all matters relating to that district; and the Constitution and the acts of the Congress passed in pursuance thereof, and treaties made under the authority of the United States, are the supreme law of the land. The act of Congress of 1863, organizing and establishing the courts of the District of Columbia, is a public act, for the reason that the judicial system of the District of Columbia is part of the organization of the government of that district. The Supreme Court of the District of Columbia, by the first section of the act of 1863, has general jurisdiction in law and equity. An act of the Congress establishing such a court, to which all persons may resort who have causes arising or cognizable within the territory of that jurisdiction, is as much a public act as is any statute constituting a department of government. That the jurisdiction may be exercised locally does not detract from the public character of the law establishing the court. We think this statute is one of which the court will take judicial notice.

The judgment and order appealed from should be affirmed, without costs.

HOUGHTON and SCOTT, JJ., concur.

LAMBERT, J. (concurring). The plaintiff brought this action upon a judgment for $25,000 alleged in the complaint to have been recovered by plaintiff against the defendant in the Supreme Court of the District of Columbia. Upon the trial defendant moved to dismiss the complaint at the close of the plaintiff's evidence, on the ground that it had not been established that the Supreme Court of the District of Columbia had jurisdiction of the person and of the subject-matter. The motion was denied. The defendant offered no evidence, and the court directed a verdict for plaintiff. From the judgment thereupon entered the defendant appeals.

The only question finally submitted to this court was whether the plaintiff had established the fact of jurisdiction in the court. There is no question as to the jurisdiction of the person. The question, as before suggested, is whether the plaintiff, by introducing in evidence portions of Act Cong. March 3, 1863, c. 91, 12 Stat. 762, entitled "An act to reorganize the courts in the District of Columbia," has established the fact that the Supreme Court of the district had jurisdiction of the action in which the plaintiff secured his judgment. There is no

doubt, and it is not questioned, that the portions of the act set forth in the record are sufficient to show jurisdiction of the action, but the method of proving the provisions of the statute is questioned; the appellant urging that, as the act of Congress is that of a foreign jurisdiction, it must be proved in a manner provided by the laws of New York.

We reach the conclusion that the questions relating to the proof are not material, and that the courts of this state may properly take, and it is their duty to take, judicial notice of the jurisdiction of the Supreme Court of the District of Columbia, as provided in the United States statutes. Section 8, art. 1, of the Constitution of the United States provides that:

"The Congress shall have power  *  *  *  17. To exercise exclusive legislation in all cases whatsoever over such District (not exceeding ten miles square) as may by cession of particular states and the acceptance of Congress become the seat of government of the United States."

And as said by Mr. Justice Marshall in United States v. Bevans, 3 Wheat. (U. S.) 336, 4 L. Ed. 404, the power of exclusive legislation is jurisdiction. Congress, as the legislative power of "we the people of the United States" (preamble to the Constitution), is given the exclusive power to make laws respecting the District of Columbia, which has become the seat of the federal government; and section 2 of article 6 provides that:

"This Constitution and the laws of the United States which shall be made in pursuance thereof  *  *  *  shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding."

The very first act of every judicial officer in this state is to take an oath to support the Constitution of the United States (article 6, § 3, Const. U. S.; article 13, § 1, Const. N. Y.), and when the Constitution of the United States, as has been seen, gives exclusive legislative power to the Congress in respect to the District of Columbia, and makes the laws which shall be made in pursuance thereof the supreme law of the land, and imposes the duty upon the judges in every state of giving force to them, it is idle to say that we cannot take judicial notice of the enactments made in pursuance of this constitutional power. The legislative power of the nation is concentered in the District of Columbia. The Congress has all the powers of a state Legislature with reference to the creation of courts within the territory thus set apart as the seat of government. "It is," to quote the language of Judge Story in Martin v. Hunter, 11 Wheat. (U. S.) 327, 4 L. Ed. 97, "the voice of the whole American people, solemnly declared, in establishing one great department of that government, which was in many respects national, and in all supreme." For the purposes of legislation in reference to the District of Columbia, the United States is but a single state, using that word in its broadest sense, as defined in Talbot v. Silver Bow County, 139 U. S. 438, 444, 11 Sup. Ct. 594, 35 L. Ed. 210, and the Congress is the legislative power of that state, authorized to enact the "supreme law of the land," which the judges in all the states are bound to know and enforce. It is not merely the supreme law of the District

of Columbia—it is the "supreme law of the land," so declared by the Constitution, and it affects more or less every citizen of the United States in so far as it relates to the creation of courts at least, for it insures the safety and tranquillity of the seat of the national government, and guaranties to individuals within the district an administration of justice to which all men are entitled. We are all within the jurisdiction of the "supreme law of the land," and we are bound to recognize and apply it whenever it affects the substantial rights of parties before this court. The lower courts of the United States, as well as the Supreme Court on appeal from their decisions, take judicial notice of the Constitution and public laws of each state of the Union, without formal proof of the same. Mills v. Green, 159 U. S. 651, 657, 16 Sup. Ct. 132, 40 L. Ed. 293, and authorities there cited. In the case cited the court went much further and took judicial notice of political facts within a state. Generally speaking, judicial notice will be taken by all the courts of a state or country of the public statute laws enacted by the lawmaking body. 17 Am. & Eng. Ency. of Law, 928. We have shown that under the Constitution the Congress is the exclusive lawmaking body of the District of Columbia, and that it is in the exercise of the sovereign power of the people of the United States in creating a Supreme Court for that district, and it therefore cannot be fairly questioned that such an act is a public act, entitling it to such notice. It has been held that it is sufficient if its provisions extend to all persons within described territorial limits or of a particular locality. 17 Am. & Eng. Ency. of Law, 931; Burnham v. Webster, 5 Mass. 266; Rauch v. Commonwealth, 78 Pa. 490. It is a public act in its broadest sense, for it relates to the administration of justice in a community in which the people of the United States have a particular interest, and without which there would be no safety to those who are compelled to transact business at the national capital.

But if it were not entirely clear that the court was authorized to take judicial notice of the statute, or of the fact of the existence of the Supreme Court of the District of Columbia, we are of the opinion that the judgment should be affirmed. It is now conceded that there is a properly authenticated certificate of the record of the Supreme Court of the District of Columbia, showing the judgment of that court in favor of the plaintiff. There being a properly authenticated record, this raises the presumption of jurisdiction. Buffum v. Stimpson, 5 Allen (Mass.) 591, 593, 81 Am. Dec. 767; Bissell v. Wheelock, 11 Cush. (Mass.) 277; Knowles v. Gaslight & Coke Co., 19 Wall. (U. S.) 58–61, 22 L. Ed. 70; Hanley v. Donoghue, 116 U. S. 1–5, 6 Sup. Ct. 242, 29 L. Ed. 535. In the case last cited the court says:

"Congress, in the exercise of the power conferred upon it by the Constitution, having prescribed the mode of attestation of records of the courts of one state to entitle them to be proved in the courts of another state, and having enacted that records so authenticated shall have such faith and credit in every court within the United States as they have by the law or usage of the state from which they were taken, a record of a judgment so authenticated doubtless proves itself without further evidence; and, if it appears upon its face to be a record of a court of general jurisdiction, the jurisdiction of the court over the cause and the parties is to be presumed unless disproved by extrinsic evidence or by the record itself."

The District of Columbia, with its national legislative body, is a state within the meaning of the statute providing the means of authenticating records (Talbot v. Silver Bow County, 139 U. S. 438, 444, 11 Sup. Ct. 594, 35 L. Ed. 210), and the plaintiff having placed in evidence the record of the Supreme Court of the District of Columbia, and it appearing upon the face of the record that that court is a court of general jurisdiction, there is a presumption of jurisdiction, which the defendant does not meet by proof to the contrary. Bissell v. Wheelock, 11 Cush. (Mass.) 279.

Upon the trial the defendant objected to the sufficiency of the proof offered of certification and took an exception to its admission. That was one of the grounds urged for a reversal. The plaintiff upon the argument was permitted to introduce into the record a proper certificate. This was essential to sustain the judgment, and under the circumstances costs and disbursements should not be granted to either party.

The judgment and order appealed from are therefore affirmed, without costs.

McLAUGHLIN, J., concurs.