## CASE v. FIRST NAT. BANK OF CITY OF BROOKLYN.

(Supreme Court, Special Term, Kings County. April 30, 1908.)

1. PLEADING—DEMURRER DEPENDING ON UNPLEADED STATUTE—JUDICIAL NOTICE.

As courts must take judicial notice of general laws of the United States, defendant's claim, depending on such a law, that the complaint does not state a cause of action, is properly raised by demurrer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading § 536.]

2. BANKS—NATIONAL BANKS—EMPLOYMENT OF AGENTS—"OFFICERS."

A "solicitor of business" is not within the clause "and other officers," in Rev. St. U. S. § 5136 (U. S. Comp. St. 1901, p. 3455), giving a national bank power to appoint a president, vice president, cashier, and other officers, and dismiss such officers at pleasure; but under subdivisions 3 and 7 of said section, empowering such a bank to make contracts and to exercise, by duly authorized officers or agents, all such incidental powers as shall be necessary to carry on the banking business, it may employ a solicitor of business for a year.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 4933, 4951; vol. 8, p. 7737.]

Action by Girard M. Case against the First National Bank of the City of Brooklyn, sued as the First National Bank of Brooklyn. Defendant demurs to complaint. Demurrer overruled.

Franklin M. Tomlin, for plaintiff.
D. E. & J. F. Lynch, for defendant.

STAPLETON, J. Plaintiff sues defendant to recover damages for breach of contract entered into between them, whereby the defendant agreed to employ plaintiff as a solicitor of business for one year at

an annual salary of $1,500. Defendant demurs to the complaint, on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action. The specific assignment on the argument and in the brief was that the contract set forth in the complaint was beyond the power of the defendant, in that it was violative of the provisions of Act Cong. June 3, 1864, c. 106, § 8, 13 Stat. 101 (the national bank act), now section 5136, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3455). The particular provision invoked is: A national bank shall have power, inter alia:

"Fifth. To elect or appoint directors, and by its board of directors to appoint a president, vice president, cashier and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places."

In the third subdivision of the same section a national bank is explicitly empowered "to make contracts," and in the seventh "to exercise by its board of directors, or duly authorized officers or agents, subject to law, all such incidental powers as shall be necessary to carry on the business of banking, etc." As general laws constitutionally enacted by Congress are the supreme law of the land, the courts are bound to take notice of them, without allegations of their provisions or proof of their enactment, and the claim of the defendant is properly raised by demurrer. Platt v. Crawford, 8 Abb. Prac. (N. S.) 297; Milliken v. Dotson, 117 App. Div. 527–529, 102 N. Y. Supp. 564.

I cannot hold that a "solicitor of business" is comprehended within the clause "and other officers," referred to in the statute hereinbefore quoted. The distinction in practical affairs is easily discernible, and should not disappear in reading a statute. The word "officer" excludes the ordinary employé. It has a defined meaning in the law, and in construing this statute a rule of construction requires that the words "and other officers" must be treated as referring to positions ejusdem generis with those specifically designated. Bristor v. Smith, 158 N. Y. 157, 53 N. E. 42; Wakefield v. Fargo, 90 N. Y. 213.

The learned counsel for the defendant cites as an authority for his contention Harrington v. First National Bank of Chittenango, 1 Thomp. & C. 361. The concurrence in that case was in the result, the discussion of the national bank act was unnecessary to the decision, and the observations of the writer were made upon an express misquotation of the statute, in which, after the word "officers," the phrase "and agents" was erroneously interpolated. If the statute read as the the learned justice stated in that case, I would reach the same result. It is not, in my judgment, an authority for the proposition advanced here.

My conclusions are that the defendant had the power to make the contract, breach of which is alleged, that the complaint states a cause of action, and there should be judgment for plaintiff, overruling the demurrer, with leave to defendant to answer.