CITIZENS BANK OF HAYTI v. CHARLES PETER WELLS, JR., and NATIONAL SURETY COMPANY, Appellants.

### Division Two, December 6, 1916.

1. **BANKS: Regulation by State.** The State has the right to prescribe the general policies which shall be observed in the conduct of banks, and to declare by statute that the directors of a bank "may appoint and remove any cashier or other officer or employee at pleasure."

2. ———: **Discharge of Cashier: Salary for Balance of Term.** The statute (Sec. 1112, R. S. 1909) says that the board of directors of a bank "may appoint or remove any cashier or other officer or employee at pleasure;" and if the cashier was employed for a year, and discharged within a few months thereafter, he cannot recover his salary for the balance of the year; and if, at the time he left the bank, under protest, he took what he would otherwise have been entitled to had he remained a year, he and his surety on his bond for the faithful discharge of his duties as cashier, are liable for the amount so taken. [Distinguishing Davis v. Insurance Co., 191 Mo. App. 333.]

Appeal from Pemiscot Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*Shepard, Reeves & McKay* for appellant.

(1) The minute entries taken from the minute book of the plaintiff bank and introduced in evidence in this case when considered in the light of the surrounding circumstances are sufficient to show that Wells was employed by the bank as cashier and secretary for the ensuing year. Davis v. Insurance Co., 172 S. W. 67. (2) Where a party has been employed for a given length of time and is wrongfully discharged before the term of his employment expires he is entitled to recover the amount of his loss by reason of such wrongful discharge. Boland v. Quarry Co., 127 Mo. 520; Tenzer v. Gilmore, 114 Mo. App. 210; Barney v. Spangler, 131 Mo. App. 58.

*A. Sloan Oliver* and *Arthur L. Oliver* for respondent.

(1) Whether Wells' employment was a "hiring at will" or for a fixed and definite period, is a question of fact. The presumption of law is that it was the former, and the burden of proving a definite and fixed term of employment as a basis for a wrongful discharge is upon Wells. Finger v. Brewing Co., 13 Mo. App. 310; Evans v. Railroad, 24 Mo. App. 114; Bennett v. Roofing Co., 23 Mo. App. 587; (2) Under the law of this State the bank's board of directors had the right to remove him as cashier and secretary at their pleasure. Sec. 1112, R. S. 1909. Even though it might be conceded that the defendant Wells was wrongfully discharged by the board of directors, he had no right whatever to attempt to take the law into his own hands and adjust his supposed grievance. State v. Silva, 130 Mo. 463; State v. Lentz, 184 Mo. 237.

ROY, C.—Defendants have appealed from a judgment against them on the bond of defendant Wells, given by him with his codefendant as his surety to secure the bank against any failure of Wells to properly discharge his duties as cashier of said bank. No point is made on the pleadings.

The evidence shows that on February 7, 1911, the board of directors of the plaintiff bank held a meeting and the record of their proceedings at that meeting shows the following:

"The members of the board elect of the Citizens Bank of Hayti, Hayti, Missouri, met at its banking house in Hayti, Missouri, for the purpose of organization and the selection of officers for the ensuing year."

Also the following:

"The organization was then perfected by the election of the following permanent officers, viz.: Fred Morgan, President; F. M. Perkins, vice-president; Chas. Peter Wells, Jr., cashier and sec't.; Leo Greenwell, asst. cashier."

And this:

"On motion of Mr. Perkins, duly seconded and carried, the salary of the cashier and asst. cashier were fixed at $75 and $25 respectively."

Thereupon the defendants executed the bond sued upon herein in the sum of $10,000 to secure the faithful execution of the duties of Wells as such cashier. The record of the proceedings of said board of directors thereafter shows the following:

"Hayti, Mo., 4/10/11. Upon motion of Mr. Perkins, seconded by Mr. Sturm, and duly carried, Mr. Wells was asked to place his resignation in the hands of the directors, such resignation to take effect not later than May 1st."

Also the following:

"Hayti, Mo., April 12, 1911. Minutes of the last meeting read with the following amendment by Mr. Ray, and were then approved. Following the words, 'such resignation to take effect not later than May 1st,' to insert the following words: Mr. Wells refused to tender his resignation, saying that he had been retained for the year and was willing to continue his duties, thereby carrying out his part of the contract.

"Motion by Mr. Sturm seconded by Mr. Perkins that the president inform Mr. Wells that his services as cashier would be no longer needed after the 3rd of May, 1911."

On May 3, 1911, Wells owed the plaintiff on an overdraft $11.92, and on that day he drew a cashier's check on plaintiff bank for $588.08, took that check over to the Bank of Hayti, and "cleared" the two banks, in which clearing that check was placed to his credit in the other bank, and the plaintiff's account in that clearing was reduced by the amount of the check. Defendant quit the service as such cashier under protest on his part and only because of such discharge. He testified that he considered himself engaged as such cashier for a year, and that he took the money as he did to pay himself for the unexpired portion of that year. Defendant offered to prove that during the re-

mainder of such year he tried, but failed to find any similar employment, and that he was during "hat time able to earn only a small amount of money by working out of doors in bad weather. The court excluded that evidence, and gave a peremptory instruction to the jury to find for the plaintiff for $588.08, and the verdict was returned accordingly.

Appellants contend that the facts in evidence show an employment of Wells for one year, and they cite Davis v. Insurance Co., 181 Mo. App. 353, as authority for the proposition that under such employment for a definite term the employee cannot be rightfully discharged during such term. It is sufficient to say that there was no special statute applicable in that case as in this. It may be conceded that the general rule was there well stated. But section 1112, Revised Statutes 1909, provides that "the directors may appoint and remove any cashier or other officer or employee at pleasure."

The evident purpose of that statute was to prevent the employment of such bank officers under a contract which should put it beyond the power of the board to remove at any time. The State has the right to prescribe the general policies which shall be observed in the conduct of such institutions; and, as was well said in Wells v. National Surety Co., 184 S. W. 474, Wells entered into his employment as such cashier with knowledge of that statute.

Appellants say that the statute contravenes section 15, article 2, of our State Constitution which denounces *ex post facto* laws and laws impairing the obligation of contracts. As our statute was in existence when Wells was employed as such cashier, the statute is not subject to such objection.

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. *Walker* and *Revelle, JJ.,* concur: *Faris, P. J.,* not sitting.