9637.   FIRST NATIONAL BANK OF COLQUITT *v.* MILLER.

1. "As courts must take judicial notice of general laws of the United States, defendant's claim, depending on such a law, that the complaint does not state a cause of action, is properly raised by demurrer."
2. Under the national-bank act, cashiers of national banks hold their office subject to dismissal at the pleasure of the board of directors.
(*a*) Where the cashier of a national bank is elected for a fixed time, and is dismissed prior to the expiration of the period for which he was employed, he can not recover his salary for the unexpired period, even though dismissed without cause.

DECIDED FEBRUARY 18, 1919.

Complaint; from city court of Miller county—Judge Turnipseed presiding. March 12, 1918.

Miller sued the First National Bank of Colquitt, alleging: that it "is a corporation organized under and by virtue of the laws of the United States;" that the plaintiff was "employed by said bank by and through its board of directors to serve them in the capacity of cashier for the year 1917, at and for the sum of $85 per month;"

that "he served as such cashier and performed all the duties of such cashier as he was employed to do until a few days before June 1, 1917, at which time he was discharged by said bank without any legal cause or right, but that said bank paid your petitioner for services rendered up to June 1, 1917;" that "since June 1, 1917, and up to October 1, 1917, he has made continuing tender of his services to said bank;" that "during said four months he has been out of employment through no fault of his, but on account of the illegal breaking of the contract by said bank;" that he was thereby damaged in the sum of $340, the value of his services for the said period of four months, and he prayed for judgment for that amount. A general demurrer to the petition was overruled, and the defendant excepted.

*N. L. Stapleton, P. D. Rich,* for plaintiff in error.

*B. B. Bush, B. W. Fortson,* contra.

BLOODWORTH, J. 1. Defendant in error insists that the question at issue should have been raised by special plea and not by demurrer. This contention is without merit. In Case *v.* First National Bank, where practically the same question was at issue, the first headnote of the decision as reported in 109 N. Y. Supp. 119, is as follows: "As courts must take judicial notice of general laws of the United States, defendant's claim, depending on such a law, that the complaint does not state a cause of action, is properly raised by demurrer."

2. Under the pleadings in this case, the question to be determined is whether a cashier of a national bank who is employed for a year and discharged before the expiration thereof can recover his salary from the date of his discharge to the end of the year, or until he obtains employment prior thereto? The determination of this question turns upon the construction of the section of the United States Revised Statutes which, in enumerating the powers of a national bank, says: "Fifth. To elect or appoint directors, and by its board of directors to appoint a president, vice-president, cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places." Act June 3, 1864, 13 Stat. c. 106, p. 101; § 8; Rev. St. U. S. § 5136, p. 999 (U. S. Comp. St. 1901, pp. 3455, 3456, U. S. Comp. St. § 9661). From this section it is clear that a cashier of a national

bank is an "officer" thereof. In Harrington *v.* First National Bank of Chittenango, 1 Thompson & Cook (N. Y. Supreme Court), 361, the headnote says: "A national bank cannot hire one of its officers for a specified time." In Westervelt *v.* Mohrenstecher, 76 Fed. 118 (22 C. C. A. 93, 34 L. R. A. 477), the 1st and 2nd headnotes are as follows: "The office of cashier of a national bank is not an annual office, but the term of the incumbent continues until he resigns or until he is removed or a successor is appointed by the board of directors of the bank. Since the national bank act expressly provides that the cashier of a national bank shall hold his office subject to the pleasure of the board of directors, a by-law providing that a cashier shall hold his office for one year, and shall be elected annually, is nugatory, as is a reappointment in accordance with such by-law at the beginning of each year." In the decision in that case Sanborn, Circuit Judge, said: "The act of congress under which this bank was organized provided that its board of directors might appoint a cashier, require bonds of him, and fix the penalty thereof, and dismiss him at pleasure, and appoint another to fill his place. Its articles of association provided that the board might appoint a cashier, fix his salary, and continue him in office, or dismiss him, as in the opinion of a majority of the board the interests of the association might require. It is plain that, in the absence of any other regulations, a cashier once appointed under this act of congress and these articles of association would hold his office until he resigned, or until the board of directors dismissed him. A subsequent appointment of the same man to the same office would have no more effect upon him, or upon the term of his office, than a second deed to the same property by one who had already conveyed it to the same grantee would have. The only act of the board of directors that could affect the tenure of his office, under the act of Congress, would be his dismissal. It is, however, contended that the by-laws (which provided that the cashier should be elected at the annual meeting in January in each year, should give a bond in the sum of $10,000, and should hold his office for one year, and until his successor was elected and qualified) made this an annual office, and limited the term of the office of this cashier to the unexpired portion of the year for which his predecessor, Vieths, was elected. But how could the by-laws of this bank repeal or modify the act of congress and the articles of

association under which they were enacted? The act of congress expressly fixed the tenure of office of the cashier of this bank. It expressly provided that the board of directors might dismiss the cashier and certain other officers 'or any of them at pleasure' and appoint others to fill their places.' It provided that this cashier should always hold his office subject to instantaneous removal at the pleasure of the board of directors. Nor is it at all probable that this provision of the national bank act was inserted without purpose or consideration. Observation and experience alike teach that it is essential to the safety and prosperity of banking institutions that the active officers, to whose integrity and discretion the moneys and property of the bank and its customers are intrusted, should be subject to immediate removal whenever the suspicion of faithlessness or negligence attaches to them. High credit is indispensable to the success and prosperity of a bank. Without it, customers cannot be induced to deposit their moneys. When it has once been secured, and then declines, those who have deposited demand their cash, the income of the bank dwindles, and often bankruptcy follows. It sometimes happens that, without any justification, a suspicion of dishonesty or carelessness attaches to a cashier or a president of a bank, spreads through the community in which he lives, scares the depositors, and threatens immediate financial ruin to the institution. In such a case it is necessary to the prosperity and success—to the very existence—of a banking institution that the board of directors should have power to remove such an officer, and to put in his place another, in whom the community has confidence. In our opinion, the provision of the act of congress to which we have referred was inserted, ex industria, to provide for this very contingency. In any event, it is there, and it clearly provides that the cashier of a national bank may be dismissed at the pleasure of the board of directors, and that it may appoint, not the same man again, but another in his place. National banks are the creatures of the act of congress. Under familiar principles, they have no powers beyond those expressly granted, and those fairly incidental thereto. The Omaha Bridge Cases, 10 U. S. App. 98, 174, 2 C. C. A. 174, 51 Fed. 309; Union Pac. Ry. Co. *v.* Chicago, R. I. & P. Ry. Co., 2 C. C. A. 174, 230, 51 Fed. 309, 316. It follows from this principle that, since the act of congress expressly provides that the cashiers of national banks should hold their offices subject to the

pleasure of the board of directors, neither the bank nor its board can make time contracts or appointments in violation of that provision. Harrington *v.* Bank, 1 Thomp. & C. 361; Boone, Banking, § 353; Ball, Banks, 65. What, then, is the effect of these established rules upon the by-laws of this bank? It is that that part of these by-laws which provides that the cashier shall hold his office for one year, and that he shall be elected annually, must fall, and the cashier of the bank must hold his office under 'the act of congress, subject to immediate removal at the pleasure of the board of directors, until he resigns or is removed." In the above quotation it is distinctly stated that "It is plain that, in the absence of any other regulations, a cashier once appointed under this act of congress and these articles of association would hold his office until he resigned, or until the board of directors of the bank dismissed him. . . The only act of the board of directors that could effect the tenure of his office, under the act of congress, would be dismissal. . . But how could the by-laws of this bank repeal or modify the act of congress and the articles of association under which they were enacted? The act of congress expressly fixed the tenure of office of the cashier of this bank. It expressly provided that the board of directors might dismiss the cashier and certain other officers 'or any of them at pleasure and appoint others to fill their places.' It provided that this cashier should always hold his office subject to *instantaneous removal at the pleasure of the board of directors."* (Italics ours.)

The first headnote in London *v.* City of Franklin, 118 Ky. 105 (80 S. W. 514), is as follows: "Ky. St., 1903, sec. 3619, providing that the marshal and certain other city officers shall be appointed for a term of two years by the city council, but may be removed at the pleasure of the city council, does not limit the power of such council to removals for cause only." In the opinion of the court, which was written by Judge Hobson, is the following: "It is insisted for appellant that under the constitutional provision officers of cities and towns may be only removed for cause, and that section 3619 of the statute, above quoted, must be construed to refer only to removals for cause, or, if not so construed, is unconstitutional. The language of the statute is that the officers named may be removed at the pleasure of the city council. These words have a well defined legal meaning. The right to remove at pleasure is an

entirely different thing from the right to remove for cause. To hold that the statute only authorizes the council to remove for cause would be to deny the words used by the legislature their ordinary meaning. This can not be done." See also Rogers *v.* Congleton (Ky), 84 S. W. 521; Stebbins *v.* Police Commissioners, 196 Mass. 365 (82 N. E. 42); Commonwealth *v.* McGann, 213 Mass. 213 (100 N. E. 355).

Applying the principles announced in the foregoing cases, it is apparent that the national banking law gives to the directors of national banks the authority "at pleasure" and without cause to dismiss cashiers and other officers, and all resolutions and by-laws of the directors in conflict with this law are void. There is no conflict in the decisions above referred to and the decision in Rankin *v.* Tygard, 198 Fed. 795 (119 C. C. A. 591). In the opinion in that case Sanborn, Circuit Judge, said (p. 799): "An election or appointment to an official position for a fixed term is, it is true, inconsistent with a removal during the term without cause in the absence of a precedent reservation of the right to make such a removal during the term. But an election or appointment to the office for a specified time subject to the precedent expressed condition that the elective or appointive power may remove at will at any time during the term is consistent with such a removal without cause, and it is as much an election or appointment for a legal term as an election or appointment without such a reservation. It is an election or appointment for a fixed term subject to recall, and the legal term is the time the person elected or appointed will hold his office if the power to recall is not exercised." Indeed, instead of being in conflict with the decisions referred to above, it supports them and is in thorough accord with what is decided in the instant case. The board of directors of the First National Bank of Colquitt having no authority to employ a cashier for any fixed term, and the law providing that they could dismiss the cashier "at pleasure," the petition set out no cause of action, and the court erred in overruling the demurrer thereto.

*Judgment reversed. Broyles, P. J., and Stephens, J., concur.*