RICHARD A. FARRELLY, Plaintiff, v. ALEXANDER WELLS, Defendant.

(Supreme Court, Bronx Special Term, June, 1921.)

Ejectment — violation National Prohibition Act — judgment for plaintiff on the pleadings.

Where upon the conviction of a tenant for a violation of the National Prohibition Act upon the leased premises, the landlord under the option given by the statute terminates the lease, demands possession and gives the tenant notice to quit, a motion by the landlord for judgment on the complaint and demurrer thereto in an action in ejectment will be granted.

ACTION in ejectment.

Edgar Hirschberg, for plaintiff.

Fitch & Grant, for defendant.

MARTIN, J. This action is brought in ejectment to enforce a forfeiture due to an alleged violation by the defendant, the lessee under a written lease, of the provisions of the National Prohibition Act. The complaint alleges the arrest of defendant for a violation of the provisions of that law and his conviction and fine upon a plea of guilty. The complaint also sets forth that plaintiff, under the option given by the statute, terminated the lease, demanded possession and gave notice to quit. The defendant demurred to the complaint. The plaintiff then moved for judgment upon the pleadings. For the purpose of this

motion the facts set forth in the complaint must be considered as true. Section 23 of the National Prohibition Act provides that any violation thereof upon any leased premises by the lessee or occupant thereof shall at the option of the lessor work a forfeiture of the lease. That law was enacted to carry out the provisions of a constitutional amendment which is applicable to all the states and territories, and is, therefore, binding on all the inhabitants thereof. It was not necessary to plead the constitutional amendment or the National Prohibition Act. That act is a general statute. Article 6, of the Constitution provides: '' This constitution and the laws of the United States which shall be made in pursuance thereof, and all treaties made or which shall be made under the authority of the United States, shall be the supreme law of the land, and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding.'' In *Case* v. *First Nat. Bank,* 59 Misc. Rep. 269, the court said: ''As general laws constitutionally enacted by Congress are the supreme law of the land, the courts are bound to take notice of them without allegations of their provisions or proof of their enactment.'' In *Milliken* v. *Dotson,* 117 App. Div. 527, the court said: '' We are all within the jurisdiction of the ' supreme law of the land,' and we are bound to recognize and apply it whenever it affects the substantial rights of parties before this court.'' The complaint states a cause of action. Upon the facts set forth plaintiff was justified in exercising the option given by the statute, and, having done so, he is entitled to possession of the premises now occupied by the defendant. Demurrer overruled. Defendant's motion denied. Plaintiff's motion is granted.

Ordered accordingly.