LITTLE *v.* AMERICAN STATE BANK OF DEARBORN.

1. BANKS AND BANKING—POWER TO MAKE EMPLOYMENT CONTRACTS FOR DEFINITE TERMS—STATUTES.

Since bank may not lawfully make binding employment contract for definite term not terminable at pleasure of directors, bank is not liable for balance of term where employee was discharged (3 Comp. Laws 1929, § 11901).

2. CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAWS.

Constitutional mandate that there shall be equal protection of laws does not prevent reasonable classification by legislative enactment.

3. BANKS AND BANKING — CONSTITUTIONAL LAW — DUE PROCESS — STATUTES.

Statute prohibiting banks from making employment contracts not terminable at pleasure of directors is not in violation of equality and due process clauses of Federal Constitution (3 Comp. Laws 1929, § 11901; U. S. Const., 14th Amendment).

4. SAME—REASONABLE REGULATION.

Said statute is reasonable regulation designed to safeguard public interest, wisdom of which rests with legislature and not with courts.

5. SAME.

Banking is public business, regulation of which is highly necessary, and all reasonable restrictions will be sustained.

6. PLEADING—DEFENSE OF ULTRA VIRES—MOTION TO DISMISS.

Objection that defense of *ultra vires* is affirmative defense which must be specially pleaded in bar should have been raised on plaintiff's motion to dismiss defendants' motion to dismiss suit.

7. DISMISSAL AND NONSUIT — DEFENSE OF ULTRA VIRES — COURT RULES.

In action against bank on employment contract for definite term not terminable at pleasure of directors, defense of *ultra*

*vires* based on statutory prohibition is available on motion to dismiss, although not specially pleaded in bar (Court Rule No. 23, Court Rule No. 17, § 7 [1931]; 3 Comp. Laws 1929, § 11901).

8. SAME.

Motion to dismiss is available when pleading is deemed to be insufficient in substance.

9. EVIDENCE—JUDICIAL NOTICE.

In testing validity of pleading on motion to dismiss, court will take judicial notice of statutes in effect in its jurisdiction.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 14, 1933. (Docket No. 18, Calendar No. 36,996.)   Decided June 5, 1933.

Action by Alonzo R. Little against American State Bank of Dearborn and another for sums due under an alleged contract for salary as an officer of a bank.   On motion to dismiss defendant's motion to dismiss.   Order for defendant.   Plaintiff appeals. Affirmed.

*Philip Buchanan,* for plaintiff.

*Longley, Bogle & Middleton,* for defendants.

BUTZEL, J.   Alonzo R. Little alleged in his declaration that on January 13, 1931, the board of directors of the American State Bank of Dearborn adopted a resolution appointing him executive vice-president at an annual salary of $7,200; that on the 13th day of March, 1931, pursuant to the statutes of the State of Michigan and particularly 3 Comp. Laws 1929, §§ 11953, 11954, the bank, in order to effect a liquidation, turned over its assets to the Dearborn State Bank, which also assumed certain liabilities; and that he was discharged on April 15,

1931, notwithstanding his claim to the benefits of a contract for a year's employment. He sought to recover approximately nine months' salary, less a small amount he earned in mitigation of damages from the two banks, which were both made defendants, and are described by him as banking corporations organized under the laws of this State.

Defendants moved to dismiss, claiming that the declaration failed to state a cause of action; that the action was based upon an alleged breach of an alleged contract; that such contract was void and unauthorized by the law and statutes of this State; and that a banking corporation may not enter into contracts of employment which are not terminable at the pleasure of its directors. Section 4, Act No. 66, Pub. Acts 1929 (3 Comp. Laws 1929, § 11901). Plaintiff thereupon filed a motion to dismiss defendants' motion, asserting that section 11901, *supra*, was in contravention of the equality and due process clauses of the Fourteenth Amendment to the Constitution of the United States, in so far as it gave banking corporations special immunities from liability not afforded other employers, etc.

Plaintiff contends that the provisions of the banking act heretofore quoted are not to be construed as depriving banks of the power to make binding employment contracts for definite terms; that even assuming that banking corporations have the power to terminate such contracts of employment at pleasure, they cannot evade a duty to pay compensation for the balance of the period covered by the agreement. Such a construction is not tenable; it would defeat the very purpose of the statute. *Westervelt* v. *Mohrenstecher*, 22 C. C. A. 93 (76 Fed. 118, 34 L. R. A. 477); *Wells* v. *National Surety Co.,* 194 Mo. App. 389 (184 S. W. 474); *Citizens' Bank of*

*Hayti* v. *Wells,* 269 Mo. 190 (190 S. W. 314); *Van Slyke* v. *Andrews,* 146 Minn. 316 (178 N. W. 959, 12 A. L. R. 1068); *First National Bank of Colquitt* v. *Miller,* 23 Ga. App. 441 (98 S. E. 402).

The constitutional mandate that there shall be equal protection of the laws does not prevent a reasonable classification by legislative enactment. *Wm. S. & John H. Thomas, Inc.,* v. *Union Trust Co.,* 251 Mich. 279. The claim cannot be made that 3 Comp. Laws 1929, § 11901, is such an arbitrary restriction of the right of freedom of contract as to offend the due process clause. It is a reasonable regulation, designed to safeguard the public interest. Ultimate decision as to its wisdom rests with the legislature, not with this court. Banking is a public business, the regulation of which is highly necessary, and all reasonable restrictions will be sustained. *Stewart* v. *Algonac Savings Bank, ante,* 272; *Noble State Bank* v. *Haskell,* 219 U. S. 104 (31 Sup. Ct. 186, 32 L. R. A. [N. S.] 1062, Ann. Cas. 1912A, 487); *Security Savings Bank* v. *California,* 263 U. S. 282 (44 Sup. Ct. 108, 31 A. L. R. 391). The justification for legislation of the type considered is stated in *Webster* v. *Jossman,* 199 Mich. 98, 113, as follows:

"A savings bank is a creature of the statute, and has the powers expressly granted to it, and such as are fairly incidental thereto. It has power to elect a cashier, and the term of such officer is fixed in the same section as the grant of power. It cannot be said that it is an incident to such granted power to fix a different term than that fixed by the statute to pass a by-law in conflict with the act granting the power. * * * The position of cashier is a most important one. His standing and reputation in the community is of vital importance to confidence in and success of the bank. A breath of suspicion, founded or unfounded, affects not only him, but the

institution with which he is connected. The legislative wisdom has therefore made his tenure at the pleasure of the board. The legislature, and the legislature alone, can change that tenure.''

Plaintiff further claims that the defense of *ultra vires* cannot be raised on motion to dismiss, that it is an affirmative defense which must be specially pleaded in bar. The record does not show that this question was raised in plaintiff's pleadings. Plaintiff asserts that an objection to defendants' pleadings was made on oral argument before the trial court. Pleadings still serve a purpose. The point should have been raised on plaintiff's motion to dismiss defendants' motion.

Plaintiff further advances Court Rule No. 23, § 3 (1931), as authority for his contention that *ultra vires* should have been specially pleaded in bar as an affirmative defense. Had the defense of *ultra vires* been based upon a prohibition in the articles of association or by-laws of the bank, we should be inclined to agree with plaintiff. Court Rule No. 23 (1931), however, in no way limits the scope of the motion to dismiss, which has replaced the discarded demurrer. See Court Rule No. 17, § 7 (1931). The motion to dismiss is available when a pleading is deemed to be insufficient in substance. The declaration stated that defendant was a banking corporation and that it had entered into a contract with plaintiff for one year. In testing the validity of a pleading on motion to dismiss, the court will take judicial notice of the statutes in effect in its jurisdiction. Thus, it was apparent on the face of the pleading that the declaration did not state a good cause of action, for under section 11901, *supra,* there was a statutory prohibition upon the making of employment contracts for definite terms, not terminable

at the pleasure of the board of directors. See *First National Bank of Colquitt* v. *Miller, supra; Case* v. *First National Bank*, 59 Misc. 269 (109 N. Y. Supp. 1119) ; *State, ex rel. Hadley*, v. *Bankers Trust Co.*, 157 Mo. App. 557 (138 S. W. 669).

The order of the lower court is affirmed, with costs to defendants.

. McDonald, C. J., and Clark, Potter, Sharpe, North, and Wiest, JJ., concurred. Fead, J., did not sit.