**WARD, Commissioner of Immigration, v. FLYNN ex rel. LEE SUI.**

No. 3245.

Circuit Court of Appeals, First Circuit.

Oct. 19, 1937.

Edward O. Gourdin, Asst. U. S. Atty., of Boston, Mass. (Francis J. W. Ford, U. S. Atty., of Boston, Mass., on the brief), for appellant.

John W. Walsh, of Boston, Mass., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

This is a habeas corpus proceeding in which the relator claims to be the daughter of an American citizen of Chinese descent. The Immigration Board, after a full hearing, found that the relator had not estab lished her relationship and recommended that she be deported. The Secretary of Labor so ordered. It was to test the validity of this order that the writ of habeas corpus was brought. In the District Court the writ was sustained and the relator discharged from custody on the ground that the immigration authorities, in reaching the conclusion that they did on the evidence, acted unfairly.

We think the court erred in so finding and ruling. The evidence introduced before the immigration authorities was highly conflicting. The witnesses examined before the Board testified in flat contradiction of what they had stated at prior examinations and when they apparently had no interest to misrepresent. "The denial of a fair hearing is not established by proving merely that the decision was wrong"—that there was error in weighing the evidence. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 261, 68 L.Ed. 590; Chin Yow v. United States, 208 U.S. 8, 12, 13, 28 S.Ct. 201, 52 L.Ed. 369; Johnson v. Kock Shing (C.C.A.) 3 F.(2d) 889.

The order of the District Court discharging the relator from custody is vacated, the petition is dismissed, and she is remanded to the custody of the Commissioner.