AARON BOGARTZ, an Infant, by JACOB BOGARTZ, His Guardian ad Litem, et al., Plaintiffs, *v.* VINCENT ASTOR, Defendant. ARCY DOLL & TOY MANUFACTURING COMPANY, Lienor.

Supreme Court, Special Term, Kings County, September 9, 1943.

*Feltenstein & Rosenstein* for plaintiffs.

*E. C. Sherwood* for defendant.

*Winick, Barnett & Hoffman* for Arcy Doll & Toy Manufacturing Company, lienor.

WALSH, J. This is a motion for an order vacating a notice of lien filed by the Arcy Doll & Toy Manufacturing Company under section 29 of the Workmen's Compensation Law.

Infant plaintiff was injured on September 27, 1941, while in the employ of the Arcy Doll Company, in a building in New York County owned by defendant Vincent Astor. He was only seventeen years of age at the time of his injury and made claim pursuant to section 14-a of the Workmen's Compensation Law for double compensation. Thereafter, and on August 12, 1942, the Department of Labor, Division of Workmen's Compensation, made an award against the Butchers Mutual Casualty Company of New York, compensation carrier of the infant plaintiff's employer, in the sum of $615, together with the sum of $472.25 for medical expenses. The Workmen's Compensation Bureau also made an award against the employer, the Arcy Doll Company, in the sum of $615 for violation of subdivision 1 of section 131 of the Labor Law and pursuant to section 14-a of the Workmen's Compensation Law. Meanwhile, the infant plaintiff commenced this third-party action against Vincent Astor, the owner of the building. Some time later this action was settled for the sum of $9,000.

Travelers Insurance Company, the defendant Vincent Astor's insurer, has advised plaintiffs of the existence of the lien of the Butchers Mutual Casualty Co. of New York, as well as the alleged lien of the Arcy Doll Company. Plaintiffs state that they have no objection to the deduction of the amount of the lien of the insurance carrier, but contend that a reasonable interpretation of sections 14-a and 29 of the Workmen's Compensation Law bars the lien of the former employer.

In construing statutes the primary consideration is to give effect to the intent of the Legislature. The meaning of the statute must be ascertained from its language, and in determining such meaning the court should look at the old law, the mischief and the remedy, and construe the acts so as to suppress the evil and advance the remedy (McKinney's Cons. Laws of N. Y., Book 1 [1942 ed.], § 95). Another basic consideration in the interpretation of a statute is the general spirit and purpose underlying its enactment. The act should be construed as a whole, and its various parts, insofar as possible, harmonized (McKinney's Cons. Laws of N. Y., Book 1 [1942 ed.], §§ 96–98).

Section 14-a of the Workmen's Compensation Law reads, in part, as follows:

" § 14-a. *Double compensation and death benefits for minors illegally employed.*

" 1. Compensation and death benefits as provided in this article shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the labor law or in violation of any rule heretofore or hereafter adopted by the board pursuant to subdivision eleven of section one hundred and forty-six of said law.

" 2. The employer alone and not the insurance carrier shall be liable for the increased compensation or increased death benefits provided for by this section. Any provision in an insurance policy undertaking to relieve an employer from such increased liability shall be void."

The apparent purpose of the foregoing section was to penalize the employer for permitting a minor under eighteen years of age to work in violation of any provision of the Labor Law with a view to suppressing the evils of such practices. In speaking of section 14-a, the Appellate Division, Third Department, in *Matter of Tesar* v. *National Ventilating Co.* (227 App. Div. 333, 334), stated: " This section is penal in its effect and a violation of the provisions of the Labor Law prohibiting the employment of a minor is a misdemeanor. (Penal Law, § 1275, as amd. by Laws of 1921, chap. 68; since amd. by Laws of 1928, chap. 145.) " In the present case the employer violated subdivision 1 of section 131 of the Labor Law and thus became liable for the double payment. That section reads, in part:

" *Employment of children between the ages of sixteen and eighteen.*

" 1. No child between sixteen and eighteen years of age except as otherwise provided in this article shall be employed in or in connection with or for any factory, establishment, trade, business or occupation specified in section one hundred and thirty, unless either a standard employment certificate, a special employment certificate or a vacation work permit issued in accordance with the provisions of the education law is kept on file in the office of the employer at the child's place of employment authorizing the employer named therein to employ said child."

Apparently, the reason for the additional award is not so much the infancy of the employee as it is the violation of a statute enacted for the protection of children. Otherwise, all such children should be entitled to double compensation. It is

still compensation, but in the nature of a penalty against the employer. To make it more effective the employer is deprived of the opportunity to protect itself by insurance (§ 14-a, subd. 2).

To sustain its lien, the employer relies upon section 29 of the Workmen's Compensation Law, which provides in part: " * * * In such case, the state insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation *or* insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation *or* carrier." (Italics supplied.) Thus the court is called upon to determine whether by the above provision the Legislature intended to include an employer who has been constrained to pay an award of double compensation pursuant to section 14-a of the Workmen's Compensation Law. The attention of the court has not been called to any decision in this State bearing directly upon the question presented here, and research has failed to discover such a precedent.

The employer cites *Matter of Dearborn Mfg. Corp.* (92 F. 2d 416), a bankruptcy proceeding, which held that the double compensation should be allowed as a claim under a statute which did not allow claims for penalties. It does hold that the whole award is compensation, with which this court must agree. The Circuit Court, however, did not construe section 29 of the Workmen's Compensation Law.

The rule of construction enunciated in *Donahue* v. *Keeshan* (91 App. Div. 602) is of some aid in determining the question involved here. There the court said (at pp. 605–606) : " * * * It is a familiar canon of construction that a thing which is within the intent of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers. (*Riggs* v. *Palmer,* 115 N. Y. 506, 509.) The test in cases of this character is stated in the language of Bacon's Abridgment (quoted and approved in *People ex rel. Manhattan R. Co.* v. *Barker,* 152 N. Y. 417, 447), and is as follows: ' In order to form a right judgment, whether a case be within the equity of a statute, it

is a good way to suppose the lawmaker present, and that you have asked him this question, Did you intend to comprehend this case? Then you must give yourself such answer as you imagine he, being an upright and reasonable man, would have given. If this be that he did mean to comprehend it, you may safely hold the case to be within the equity of the statute, for, while you do no more than he would have done, you do not act contrary to the statute, but in conformity thereto.' (See 6 Bac. Abr. [6th ed.], 386.) " In the application of section 29 of the Workmen's Compensation Law and in the construction of the language used, the familiar rule of statutory construction, " that when a particular class is spoken of and general words follow, the class first mentioned is to be taken as the most comprehensive of the general words treated as referring to matters *ejusdem generis* with such class ", is applicable. (*Bristor* v. *Smith,* 158 N. Y. 157, 159; *Wakefield* v. *Fargo,* 90 N. Y. 213; *Case* v. *First National Bank,* 59 Misc. 269.) Moreover, the word " otherwise " is commonly interpreted in a restricted sense as referring to such matters as are kindred to the classes above mentioned. (*Daly* v. *Haight,* 170 App. Div. 469, 473.) In other words, the persons upon whom the lien is conferred (§ 29) are those that belong in the general category of insurance carriers or others similarly placed in view of the circumstances. It is to be noted that the statute makes no mention of the employer, and it would seem to this court that the employer, as such, does not fall within the general classification mentioned in the statute and as interpreted in the light of the rule of *ejusdem generis.*

A strict construction of section 29 would seem to limit the reimbursement or recovery to one party, i. e., " the state insurance fund * * * the person, association, corporation or insurance carrier." The word " or " is also used at the end of the same sentence. The employer contends for recovery by two parties, the employer and the insurance carrier. There is only one compensation. It is double the usual amount because of section 14-a.

To give to the words of section 29 of the Workmen's Compensation Law the interpretation asked for by the employer would violate the foregoing rules of statutory construction and would defeat the purpose the Legislature had in mind in enacting section 14-a of the Workmen's Compensation Law. It is not without significance that the Legislature specifically provided that the employer alone was to be liable for the double payment of compensation, and in no event the insurance carrier; and.

further, that any provision of an insurance policy which sought to relieve the employer from such increased liability was to be void. While it may be true that a literal interpretation of the word " compensation ", as used in both sections, lends some force to the employer's argument, the court is of the opinion that that construction should be given to sections 14-a and 29 of the Workmen's Compensation Law, considered together, which promotes the underlying object, spirit and purpose of both those sections. As heretofore pointed out, any other interpretation would result in frustrating the express purpose and intent of the Legislature.

In the light of the foregoing, plaintiffs' motion is granted.