In the Matter of WILLIAM W. BROWNE, Appellant, against INCORPORATED VILLAGE OF HEMPSTEAD et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied. [See ante, p. 776.] Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Accounting of HAL R. WEST et al., as Trustees under the Will of LIZABETH K. BUDD, Deceased. EDITH J. WHITEHEAD, Appellant; HAL R. WEST et al., as Trustees, et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied. [See 267 App. Div. 966.] Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of JOHN J. CONWAY, an Attorney.— Motion for reinstatement to practice as an attorney and counselor at law granted. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

MARGARET J. NIELSEN, as Administratrix of the Estate of GEORGE W. NIELSEN, Deceased, Respondent, v. CHARLES F. VACHRIS, INC., Appellant, and HARRIS STRUCTURAL STEEL CO., INC., Impleaded Defendant-Respondent.— Motion for leave to appeal to the Court of Appeals denied. Stay granted until the granting or final refusal by the Court of Appeals of leave to appeal. [See 267 App. Div. 1003.] Present — Close, P. J., Carswell, Johnston and Adel, JJ.; Hagarty, J., not voting.

HARRY G. WACHSBERGER et al., Respondents, v. LESLIE BEACH, Appellant, et al., Defendants.— Appellant's motion to dispense with printing plaintiffs' Exhibit 10 denied, without costs, and without prejudice to an application to the Trial Justice which should be made in connection with the settlement of the case on appeal, pursuant to rules 230, 231 and 232 of the Rules of Civil Practice, and section 616 of the Civil Practice Act. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

AARON BOGARTZ, an Infant, by JACOB BOGARTZ, His Guardian ad Litem, et al., Respondents, v. VINCENT ASTOR et al., Respondents. ARCY DOLL & TOY MANUFACTURING COMPANY, Appellant.— Appeal by Arcy Doll & Toy Manufacturing Company from an order declaring null, void and of no effect a notice of lien filed by it. Order affirmed, with ten dollars costs and disbursements. The award against an employer pursuant to section 14-a of the Workmen's Compensation Law is in the nature of a penalty for the illegal employment of minors, for which the employer alone is liable, and from which he may not be relieved by insurance. To permit him to have a lien against the proceeds of the employee's third party action would render nugatory the legislative intent as disclosed by that section. Carswell, Acting P. J., Johnston, Adel and Lewis, JJ., concur; Aldrich, J., dissents and votes to reverse the order and to deny the motion, with the following memorandum: The statute (§ 29) says " shall have a lien on the proceeds of any recovery   *   *   *   to the extent of the *total amount* of compensation awarded under or provided or estimated " etc. (Italics supplied.) This language should be construed exactly as it reads. [182 Misc. 214.] [See 269 App. Div. 667.]

PHILIP CHIODO, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Action to recover accidental death benefits under the provisions of a policy of life insurance. Judgment of the City Court of Mount Vernon, entered on the verdict of a jury in favor of plaintiff, unanimously affirmed, with costs. No opinion. Appeal from order dismissed, without costs. Present — Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.