MILLER *v.* REID.

1. USURY — CORPORATIONS — REMEDIAL STATUTES LIBERALLY CON-STRUED—DEFENSE OF USURY.
   Act No. 335, Pub. Acts 1927, pt. 2, chap. 1, § 1, providing that "no corporation shall interpose the defense of usury to any cause of action hereafter arising," is remedial in its nature, and therefore is to be given a liberal con-struction.

2. SAME—CONSTRUCTION OF STATUTE.
   The effect of said statute is not limited to the case of a corporation made a party defendant to an action and setting up usury as a defense thereto, but applies to any position or attitude in an action in which a corporation seeks to avoid its own contract by showing usury.

3. SAME—DEFENSE OF USURY BARRED TO CORPORATION BARRED TO ITS GRANTEE.
   The grantee of mortgaged property conveyed by a corpora-tion took subject to the mortgage, and since the corpora-tion could not evade the mortgage on the ground of usury (Act No. 335, Pub. Acts 1927), neither could its grantee, who owned the corporation.

Constitutionality of statute denying defense of usury to cor-porations, see annotation in 43 A. L. R. 18.

4. SAME—MONEY PAID TO REDEEM NOT RECOVERABLE.
  Since a corporation could not recover any part of money
  paid to the register of deeds to redeem property after fore-
  closure (Act No. 335, Pub. Acts 1927), on the ground that
  the mortgage was usurious, its grantee, who took subject to
  the mortgage, is in no better position.

Appeal from Wayne; Brennan (Vincent M.), J.
Submitted June 12, 1928. (Docket No. 94, Calendar
No. 33,835.)    Decided July 24, 1928.

Bill by Frank P. Miller against W. G. Arthur Reid
to set aside a mortgage foreclosure.    From a decree
dismissing the bill, plaintiff appeals.    Affirmed.

*Albert McClatchey, Harry J. Weber,* and *Firmon
Lush,* for plaintiff.

*C. W. Videan,* for defendant.

WIEST, J.    The Frank P. Miller Corporation gave
defendant a real estate mortgage for $5,000.    The
mortgage was foreclosed by advertisement and the
premises bid in by defendant for the amount of the
mortgage, interest, attorney fee, and costs.    The last
day for redemption plaintiff paid to the register of
deeds the necessary sum to redeem and defendant ac-
cepted the money.    The same day plaintiff filed the
bill herein, alleging that but $4,000 was obtained on
the mortgage and $500 of that had been paid; that the
redemption money was deposited with the register of
deeds to prevent default in making redemption and not
as a voluntary payment, and asked that the foreclosure
be held void and the court determine the amount due
cn the mortgage and permit plaintiff to recover the
excess paid to the register of deeds.    On special motion
of defendant the bill was dismissed and plaintiff ap-
pealed.

The bill also alleged that the Frank P. Miller Cor-

poration was owned by plaintiff and operated by him in carrying on his real estate business; that the mortgage was given in the name of the corporation but was plaintiff's affair and the corporation had, after giving the mortgage, deeded the property to plaintiff. Plaintiff claims that payment was made to the register of deeds under duress.

Under the law, the payment worked redemption, and one question is whether, having served such purpose, it may be employed to also bring to hearing the subject of alleged usury and part payment.

This is not a bill to redeem, for redemption has been had. Plaintiff did not take the chance of tendering the sum he claimed due on the mortgage and then asking the court of equity to permit redemption, but paid to the register of deeds the full amount claimed to be due for which foreclosure had been made.

The legislature, by Act No. 335, Pub. Acts 1927, pt. 2, chap. 1, § 1, provided that:

"No corporation shall interpose the defense of usury to any cause of action hereafter arising."

This act was effective when plaintiff made redemption. Statutes of similar import exist in some other States and have been held to be remedial in nature and entitled to a liberal construction. *Rosa* v. *Butterfield*, 33 N. Y. 665, 669.

As stated in a note in 14 Ann. Cas. 115:

"However, the effect of the act is not limited to the case of a corporation made a party defendant to an action, and setting up usury as a defense thereto. The courts have interpreted the word 'defense' to mean 'any position or attitude in an action in which a corporation seeks to avoid its own contract by showing that it is usurious.' This interpretation was adopted because the contrary construction would have defeated all the beneficent purposes of the statute." Citing cases.

Also in the same note:

"Hence a corporation may not recover back money paid by it in excess of legal interest."

See, also, 27 R. C. L. p. 265.

The Frank P. Miller Corporation was bound by the mortgage, regardless of whether usurious or not, and plaintiff herein, as grantee of the corporation, took subject to the mortgage and cannot urge any defense thereto or make any recovery barred to the corporation by the statute. The corporation may have been owned by plaintiff, but it was the mortgagor and its corporate existence and identity was distinct from that of plaintiff.

The bill alleged:

"That on, to-wit: December 3, 1925, plaintiff paid to the defendant three hundred fifty ($350) dollars, which defendant claimed was one year's interest on said mortgage, and at the same time, plaintiff paid to the defendant an additional sum of five hundred ($500) dollars, which defendant claimed was a ten (10) per cent. bonus for the extension of said mortgage for a further term of one year, but defendant (plaintiff) avers that no such further term was given, and foreclosure proceedings were brought before the expiration of a second year."

The whole claim of plaintiff is based upon the charge of usury. The bill did not allege any protest accompanying the payment to the register of deeds or a notice to the mortgagee of payment under protest. The corporation could not recover any part of the payment made to the register of deeds, because the mentioned statute forbids, and plaintiff is in no better position.

The decree dismissing the bill is affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.