WM. S. & JOHN H. THOMAS v. UNION TRUST CO.

1. CONSTITUTIONAL LAW—USURY—CORPORATIONS—CLASS LEGISLATION.

Act No. 335, Pub. Acts 1927, amending Act No. 84, Pub. Acts 1921, pt. 2, chap. 1, § 1, providing that no corporation shall interpose the defense of usury, is not unconstitutional as class legislation, since it embraces all corporations.

2. SAME—RIGHT TO SUE AND BE SUED.

Act No. 335, Pub. Acts 1927, amending Act No. 84, Pub. Acts 1921, pt. 2, chap. 1, § 1, and pt. 2, chap. 2, § 12, giving to corporations right to contract relative to interest, and denying to them right to interpose defense of usury, is not unconstitutional as offending section 2, Art. 12, Mich. Const., providing that all corporations shall have the right to sue and be subject to be sued in all courts in like cases as natural persons.

3. USURY—CORPORATIONS MAY CONTRACT TO PAY MORE THAN LEGAL INTEREST.

Under Act No. 335, Pub. Acts 1927, amending Act No. 84, Pub. Acts 1921, pt. 2, chap. 1, § 1, and pt. 2, chap. 2, § 12, corporations may borrow money and contract to pay more than legal rate of interest provided in 2 Comp. Laws 1915, §§ 5997, 5998.

---

On constitutionality of statutes denying defense of usury to corporations, see annotation in 43 A. L. R. 18.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 24, 1930. (Docket No. 79, Calendar No. 34,928.) Decided June 27, 1930.

Bill by William S. & John H. Thomas, Incorporated, against Union Trust Company and others to set aside foreclosure proceedings under a trust mortgage. From a decree for defendants, plaintiff appeals. Affirmed.

*Edmund M. Sloman,* for plaintiff.

*Campbell, Bulkley & Ledyard,* for defendant Union Trust Company.

*David Hubar,* for defendant Charles R. Talbot.

*Milburn & Semmes,* for defendant Clifford B. Edwards.

CLARK, J. The defendant Union Trust Company is trustee in a first mortgage by plaintiff, Wm. S. & John H. Thomas, Inc., a Michigan corporation, securing an issue of bonds, and it is also trustee in a second mortgage to secure the payment to defendants Clifford B. Edwards and Charles R. Talbot of the principal sum of $100,000. In statutory foreclosure of the second mortgage the mortgaged premises were sold and bid in by the trustee for Edwards and for Talbot. The mortgagor by this bill seeks to set aside the foreclosure, and, the bill being dismissed, it has appealed, and it here contends that the second mortgage was not in default at the time of instituting the proceeding to foreclose because (1) upon a proper application of credits or funds in the hands of the trustee nothing was due

on the mortgage, and (2) the loan was usurious, and, if purged of usury, nothing was due.

1. Criticism of application of credits or funds in the hands of the trustee is wholly without merit, and calls for neither set up nor discussion of the account.

2. The interest or usury statute is sections 5997, 5998, 2 Comp. Laws 1915:

"SECTION 1. *The People of the State of Michigan enact,* That the interest of money shall be at the rate of five dollars upon one hundred dollars for a year, and at the same rate for a greater or less sum, and for a longer or shorter time, except that in all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest, not exceeding seven per cent. per annum: *Provided,* That this act shall not apply to existing contracts, whether the same be either due, not due or part due.

"SEC. 2. No bond, bill, note, contract or assurance, made or given for or upon a consideration or contract, whereby or whereon a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, shall be thereby rendered void; but in any action brought by any person on such usurious contract or assurance, except as is provided in the following section, if it shall appear that a greater rate of interest has been, directly or indirectly, reserved, taken or received, than is allowed by law, the defendant shall not be compelled to pay any interest thereon."

Act No. 335, Pub. Acts 1927, amending certain sections of Act No. 84, Pub. Acts 1921, provides (part 2, chap. 1, § 1): "No corporation shall interpose the defense of usury to any cause of action hereafter arising," and (part 2, chap. 2, § 12): "Every stock corporation shall have the power to borrow money."

The statute quoted denying to all corporations the defense of usury is attacked as unconstitutional. The attack, although made variously, comes chiefly to this, that the statute is class legislation and therefore void. In *Miller* v. *Reid,* 243 Mich. 694, and in *Hovey* v. *Wark-Gilbert Co.,* 248 Mich. 502, the validity of the statute was assumed. *Straus* v. *Elless Co.,* 245 Mich. 558, supports constitutionality. Other States have like statute unquestioned as to constitutionality, notably New York, where the statute has been considered many times over a long period of years. In Maryland constitutionality of the statute was challenged, as here, and the statute held valid in an exhaustive and a well-considered opinion, with ample citation of authority. *Carozza* v. *Federal Finance & Credit Co.,* 149 Md. 223 (131 Atl. 332, 43 A. L. R. 1). We quote:

"The usury laws, therefore, proceed upon the theory that a usurious loan is attributable to such an inequality in the relation of the lender and borrower that the borrower's necessities deprived him of freedom in contracting and placed him at the mercy of the lender. The law regards the borrower as *in vinculis,* and, so, the injury inflicted, and the relief afforded, as personal to the individual wronged. A corporation, on the contrary, is not a natural person, but an artificial legal entity, which intervenes between the lender and the persons who own its stock or form its membership. It is organized for commercial or other purposes, which are best subserved by the advantages given through the corporate powers conferred by the State of which it is the creature. It has no sensations and cannot be coerced by its necessities into any legal obligations beyond its defined and limited corporate powers. It is primarily a creature of the law, under which capital concentrates for business and other

gainful ends in an amount judged sufficient for the particular undertaking, and with the knowledge that what has been contributed in the form of capital and resources is the usual measure and limit of the loss of the corporate membership.

"The individual borrows from a need springing from his own personal necessities, but the corporation becomes a borrower from a corporate exigency. Although popular prejudice against usury subsists, the progress of society has brought about the general use of corporate enterprises in all forms of commercial activity, and a general recognition of the economic truth that the volume of borrowing for commercial purposes through corporations has gradually become of surpassing importance in comparison with the borrowing for purposes of necessity by the individual; and that usury laws, particularly with respect to business affairs, increase the value of money and are restraints on the natural flow and supply of capital to the prejudice of industry and commerce. Again, the loss of the individual, singly or jointly, through usury, is at once both personal and immediate, but that of a corporation may or may not result in ultimate loss to its fluctuating membership, and, therefore, while the corporate loss is immediate to the corporation, it is both mediate and proportional among the corporate membership. Moreover, the average corporation possesses more capital than the average man or unincorporated combination of men, and the greater the capital the less is the chance of serious loss in any undertaking for which borrowing is necessary.

"It may well be that the legislature concluded that a borrowing by a corporation for corporate purposes was distinguished by quite plain and practical considerations of public policy from a borrowing by an individual for his personal needs, even though financial embarrassment in both the individual and corporate debtor would be indicated by the usury demanded; and that the more legitimate ob-

ject of a usury statute is the protection of the public rather than the mediate protection of the shareholders of a corporation."          •

In *Griffith* v. *Connecticut*, 218 U. S. 563 (31 Sup. Ct. 132), a statute of Connecticut limiting interest on loans was held not to be unreasonable in classification nor to deny equal protection of the laws because it excepted loans made by National and State banks and trust companies. See *State* v. *Hurlburt*, 82 Conn. 232 (72 Atl. 1079); *Mutual Loan Co.* v. *Martell*, 222 U. S. 225 (32 Sup. Ct. 74, Ann. Cas. 1913 B, 529).

Abundant authority may be cited to the point that the classification is reasonable, but we think it unnecessary.

Because the classification embracing all corporations is supported by practical considerations of public policy, and because it is sustained by the great weight of authority, we hold it to be reasonable.

A further contention is that the quoted statute (Act No. 335, Pub. Acts 1927) offends section 2, art. 12, of the State Constitution providing: "All corporations shall have the right to sue and be subject to be sued in all courts in like cases as natural persons."

Were it not for the interest or usury statute above quoted there would be freedom to contract as to rate of interest. Because of Act No. 335 corporations are given free and unrestricted right to contract relative to interest, and hence their contracts in that regard are legal. This is no abridgment of the right to sue or to be sued.

Other criticism of the statute is attempted but it calls for no discussion.

The statute is valid.

Appellant contends that if the statute just considered be held valid, nevertheless under the general interest or usury statute above quoted a corporation may not contract to pay more than the legal rate of interest, that the prohibition of the statute remains although a corporation may not invoke the penalty in its favor, citing *Union National Bank of Chicago* v. *Railway Co.*, 145 Ill. 208 (34 N. E. 135), considered and applied by this court to a Michigan contract executed by an Illinois corporation in *Stack* v. *Detour Lumber & Cedar Co.*, 151 Mich. 21 (16 L. R. A. [N. S.] 616, 14 Ann. Cas. 112). In *Miller* v. *Reid, supra,* we rightly approved the rule of *Rosa* v. *Butterfield,* 33 N. Y. 665, where it was held that because of the statute, above held valid (quoting syllabus), "the contracts of corporations borrowing money and agreeing to pay more than seven per cent. interest are legal and binding upon them," and we approved rule of 14 Ann. Cases 115:

"However, the effect of the act is not limited to the case of a corporation made a party defendant to an action, and setting up usury as a defense thereto. The courts have interpreted the word 'defense' to mean 'any position or attitude in an action in which a corporation seeks to avoid its own contract by showing that it is usurious.' This interpretation was adopted because the contrary construction would have defeated all the beneficent purposes of the statute."

Further discussion is not required.

Decree affirmed. Costs to appellees.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.