## LEE v. INDUSTRIAL RESEARCH CORPORATION.

1. CORPORATIONS—INVESTMENT IN STOCK—CREDITORS.

    An investment in the capital stock of a corporation does not become an obligation of the corporation superior to those of its creditors.

2. GARNISHMENT—CORPORATIONS—LOAN.

    Finding of trial court that garnishee had been repaid money which she had loaned to principal defendant, a corporation, with its capital stock given as security, *held,* warranted by evidence, there being no substantial testimony that the transaction was anything but a loan.

3. SAME—CORPORATIONS—LOAN—BONUS—PREFERENCE.

    Payment of $750 over and above repayment of principal and agreed interest for $5,000 loan to corporation, principal defendant, was a corporate asset held by garnishee defendant, since it was an illegal preferential payment to her, and a secret profit to which she was not entitled as against a judgment creditor of the corporation.

4. CORPORATIONS—FIDUCIARIES—LOANS.

    Arrangement with corporation having $1,000 capital stock whereby garnishee defendant was to loan it $5,000 with the capital stock as security and her husband instituted as secretary-treasurer, constituted such garnishee and the husband as a fiduciary with an intervening duty not to take advantage of the position for their own profit at the expense of other creditors of the corporation.

---

REFERENCES FOR POINTS IN HEADNOTES

[3, 4] 13 Am Jur, Corporations, § 1266 *et seq.*

[3, 4] Right of corporation to prefer creditors. 19 ALR 320; 38 ALR 90; 48 ALR 479; 56 ALR 207; 62 ALR 738.

5. COSTS—AFFIRMANCE OF JUDGMENT FROM WHICH BOTH PARTIES
   APPEAL.

   No costs are allowed either plaintiff or garnishee defendant,
   where, although both appealed, judgment granting part of
   relief sought is affirmed.

Appeal from Wayne; Toms (Robert M.), J.   Submitted January 2, 1951.   (Docket No. 9, Calendar No. 44,807.)   Decided March 1, 1951.

Garnishment by Marguerite Lee, doing business as Campbell Letter Shop, against Industrial Research Corporation, principal defendant, and Mabel H. Guy, garnishee defendant.   Judgment for plaintiff.   Garnishee defendant appeals.   Plaintiff cross-appeals.   Affirmed.

*Leo Papp,* for plaintiff.

*Harry Cohen* and *Norman J. Cohen,* for garnishee defendant.

BOYLES, J.   In 1949, plaintiff obtained a judgment for $2,075.76, and costs, against the principal defendant, Industrial Research Corporation.   Thereupon plaintiff started the instant proceeding against Mrs. Mabel H. Guy as garnishee defendant.   She filed a disclosure denying liability to the principal defendant.   Thereupon plaintiff filed a demand for an examination of the garnishee,* whereupon an order of reference was made to a circuit court commissioner, testimony was taken and returned to the trial court.   On motion, the trial court entered judgment for the plaintiff against the garnishee defendant for $750, and costs, from which she appeals.   Plaintiff cross-appeals, claiming she should have judgment against the garnishee defend-

---

* CL 1948, § 628.3 (Stat Ann § 27.1857).

ant for the full amount of her judgment against the principal defendant.

Prior to suit, the principal defendant, hereinafter referred to as the corporation, had obtained a United States government contract, but was unable to perform for lack of operating capital. The garnishee defendant supplied it by paying $5,000 into the corporation account. The major controversy now involves a question of fact as to this payment. Was it a loan of $5,000 by Mrs. Guy to the corporation? If so, the corporation had a right to repay it. Was it an investment by Mrs. Guy in the capital stock of the corporation? If so, the corporation did not owe this $5,000 to Mrs. Guy. Admittedly, the corporation later paid Mrs. Guy $5,000. Was it repayment of a loan, or nothing more than $5,000 of corporate funds in the possession of Mrs. Guy as the return to her of an investment in corporate stock and, therefore, subject to garnishment by plaintiff, a judgment creditor of the corporation?

The testimony taken at the examination of the garnishee defendant shows that when the corporation obtained the government contract, being without operating capital, Mrs. Guy, together with one Thelma Morris, supplied the funds. Mrs. Guy supplied $5,000 and Thelma Morris $7,500. As a condition to supplying funds, Mrs. Guy insisted that the capital stock of the company ($1,000) be assigned to her, that her husband be made secretary-treasurer and a director of the company and allowed to administer its fiscal affairs. This was done. The attorney for the plaintiff, in the sworn petition filed by him in the instant proceeding to require Mrs. Guy to show cause why judgment should not be entered against her for the full amount of plaintiff's principal judgment, stated:

"He (Mr. Guy) repaid to his wife and to Mrs. Morris the sums that they had paid in and in addition paid them the following sums: Mrs. Guy—$750, Mrs. Morris—6 per cent. per annum on $7,500 plus $800."

The examination before the circuit court commissioner showed that the capital stock of the corporation ($1,000) was owned by one William Hollister. The proofs show that "Mr. Hollister, he owned all the stock and he assigned it *as security.*" Mr. Guy testified that the money paid to the corporation was not in payment of capital stock, "absolutely nothing but loans and secured loans." There is no substantial testimony to the contrary. We are in accord with the conclusion reached by the trial court that the $5,000 paid over to the corporation by Mrs. Guy was a loan, that she was legally entitled to the repayment which was made, and plaintiff cannot reach into that payment by garnishment proceedings on the theory that it was money belonging to or owing by her to the corporate defendant. It is quite improbable that Mrs. Guy would invest $5,000 in stock issued for $1,000.

The record plainly shows that the additional $750 paid to Mrs. Guy by her husband as secretary-treasurer of the corporation in charge of its fiscal affairs, was a "bonus" for the loan. It was not a payment of money owed by the corporation to Mrs. Guy.

While it is the law that the corporation itself is by statute prevented from interposing the defense of usury in its own behalf,* nothing in this record indicates that the corporation agreed to pay Mrs. Guy more than the legal rate of interest, nor is the corporation itself seeking to avoid its own contract by showing that it is usurious.† The $750 in the pos-

---

* CL 1948, § 450.78 (Stat Ann § 21.78).

† *Cf. Wm. S. & John H. Thomas* v. *Union Trust Co.,* 251 Mich 279.

session of Mrs. Guy was a corporate asset illegally paid to her out of the funds of the corporation and is "property, money, goods, chattels and effects under his (her) control, belonging to the principal defendant." CL 1948, § 628.2 (Stat Ann 1949 Cum Supp § 27.1856). The trial court held:

"The court is of the opinion that in giving his wife's claim preferential treatment over and above the payment of her full debt plus agreed interest, he (Mr. Guy) violated that trust and that in paying her from the corporate funds a bonus of $750 above that debt, he became a trustee *ex maleficio* for the benefit of those who had a superior right to that money. Were either Mr. or Mrs. Guy a simple creditor advancing money to the company upon any agreed terms without participation or control in the company management, the situation might be entirely different. But having assumed a fiduciary position, an intervening duty arose not to take advantage of that position for their own profit, at the expense of other creditors."

The bonus received by Mrs. Guy was, in effect, a secret profit obtained by her through the fiscal control of the funds of the corporation by her husband as its secretary-treasurer. The $5,000 was paid to the corporation out of Mrs. Guy's bank account and returned to it upon the repayment. She testified that Mr. Guy had a "power of attorney for my bank account. The money in our bank account belongs to both of us. It is in my own name." It is obvious that Mrs. Guy and her husband acted in concert to provide the capital which enabled the corporation to carry out the government contract and that they collaborated together to consummate the transaction whereby she obtained the $750 "bonus." See *Clark* v. *Daniels*, 250 Mich 22. They were, in effect, in "a fiduciary relation towards the corporation, * * * a quasi agent

of the corporation and subject to the disabilities of such." *Koppitz-Melchers, Inc.,* v. *Koppitz* (syllabus), 315 Mich 582.

The trial judge held that Mrs. Guy's payment of $5,000 to the corporation was a loan, and that the repayment could not be reached by plaintiff's garnishment proceeding; and that the $750 in the possession of Mrs. Guy was subject to garnishment.

Affirmed, without costs, both parties having prevailed only in part on this appeal.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.