LEE *v.* INDUSTRIAL RESEARCH CORPORATION.

APPEAL OF MORRIS.

1. GARNISHMENT—CORPORATIONS—UNAUTHORIZED PAYMENT.

Payment of unauthorized bonus of $800 on $7,500 six % loan from garnishee defendant, made by secretary-treasurer of corporation who had become an officer at time loan was made and functioned as trustee holding collateral for loan made to corporation, all to the prejudice of other creditors of the corporation, was subject to garnishment by judgment creditor to whom debt upon which judgment was based was owed at time secretary-treasurer repaid the loan and made payment of interest and unauthorized bonus.

2. JUDGMENT — RES JUDICATA — PLEADING — EVIDENCE — FIDUCIARY —CORPORATIONS.

Denial of plaintiff's motion for judgment against garnishee defendant on the pleading, before trial, was not *res judicata* of plaintiff's right to recover because proofs adduced on trial presented no facts which were not before the court on the motion, where proofs, but not pleadings, showed sum claimed from defendant as an unauthorized payment from corporation to garnishee had been made by secretary-treasurer who had functioned in a dual capacity as such officer and as trustee for holding collateral for loan to corporation by garnishee.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 8, 1952. (Docket No. 15, Calendar No. 45,499.) Decided January 5, 1953.

Garnishment proceedings by Marguerite Lee, doing business as Campbell Letter Shop, against In-

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur, Attachment and Garnishment § 96.
[2] 30 Am Jur, Judgments § 182.

dustrial Research Corporation, a Michigan corporation, principal defendant, and Zelma R. Morris, garnishee defendant. Judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*Leo Papp,* for plaintiff.

*Harry Cohen,* for garnishee defendant.

DETHMERS, C. J.   This case is a counterpart of *Lee v. Industrial Research Corporation,* 329 Mich 636, in which our opinion sets forth much of the factual background herein.   Mr. Justice BOYLES, speaking for the Court, said there "that when the corporation (principal defendant) obtained the government contract, being without operating capital, Mrs. Guy, together with one Thelma Morris, supplied the funds." In this case said Zelma Morris* as garnishee defendant, endeavors, as did Mrs. Guy in a like capacity in the previous case, to avoid liability to plaintiff, on latter's judgment against the principal defendant, for an $800 sum which she had received from the principal defendant as a usurious bonus payment on a $7,500 six % loan made to it by her.

Defendant Morris seeks to avoid application of our holding of liability on the part of the garnishee defendant in the former case by urging distinctions between the character of her relationship and that of Mrs. Guy to the defendant corporation.   She stresses, (1) that Mrs. Guy made the loan to the corporation out of a bank account which she owned jointly with her husband, who then was the secretary-treasurer of the corporation and held to occupy a fiduciary relationship to unpaid creditors of the corporation, while Mrs. Morris was neither a stockholder, director or employee, but merely a creditor of the

---

* Zelma Morris is the same party as Thelma Morris, mentioned in *Lee* v. *Industrial Research Corporation,* 329 Mich 636.

corporation; (2) that in the *Guy Case* this Court stated that their was no evidence that the corporation had agreed to pay her a bonus, while here it had agreed to pay a bonus to Mrs. Morris (this finds support in the record only from the promissory notes evidencing the obligation); and (3) that this Court stated that if Mr. and Mrs. Guy had been ordinary creditors without participation or control in the corporation's management, the situation might have been considered as entirely different, while here Mrs. Morris was such ordinary creditor without any control over the corporation.

The record in this case discloses that Mr. Guy became connected with the corporation and its secretary and treasurer at the time the loans from his wife and from Mrs. Morris were being negotiated and that he withdrew as such as soon as they were repaid; that he took an assignment of all the stock of the corporation from the sole stockholder as security for the loans; that as further security the sole stockholder also assigned a land contract to Mr. Guy as trustee for Mrs. Guy and Mrs. Morris; that it does not appear that the corporation authorized Mr. Guy to execute, as its secretary-treasurer, and to give Mrs. Morris the corporation's 6% promissory note for a principal sum of $800 more than the amount of the loan which she had advanced, representing an $800 bonus, all of which he did, apparently without the collaboration of any other corporate official, while acting in the dual capacity of officer of the corporation and trustee for Mrs. Morris; that later, as secretary-treasurer, he repaid the loan to Mrs. Morris, together with interest and the bonus, out of corporate funds, while the corporation was indebted to plaintiff for the sum on which the judgment herein is based.

The fact that Mrs. Guy was the wife of Mr. Guy while Mrs. Morris was not, and that the Guy loan came from a bank account in which he had a joint

interest while the Morris loan did not, suggests a distinction without a difference. In both cases Mr. Guy acted as agent and trustee of the lender to the prejudice of the creditors of the corporation of which he was an officer. The fiduciary relationship upon which Mrs. Guy's liability was predicated exists equally as relates to Mrs. Morris.

Defendant urges that the trial court's denial of plaintiff's motion, before trial, for judgment on the pleadings, is *res judicata* of plaintiff's right to recover against the defendant because the proofs adduced on trial presented no facts which were not before the court on the motion. The record disproves the claim. The pleadings upon which the motion was based failed to disclose, as did subsequent proofs, the dual role of Mr. Guy and the resultant fiduciary relationship.

Affirmed, with costs to plaintiff.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.