(No. 22350.—

CLARICE FORSYTHE, Appellant, *vs.* THE VILLAGE OF COOKS-VILLE, Appellee.

*Opinion filed April 21, 1934.*

WILLIAM J. BACH, and WILLIAM R. BACH, for appellant.

HAL M. STONE, and BRANSON WRIGHT, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Clarice Forsythe, appellant, filed a petition in the circuit court of McLean county for the disconnection of certain lands owned by her from the village of Cooksville.

A demurrer to the amended petition was sustained. She elected to stand by her petition and it was dismissed by the court. From that order an appeal is prosecuted to this court.

The petition was filed under the provisions of the act of 1933 (Laws of 1933, p. 220,) for the disconnection of agricultural lands from cities, towns and villages. The pertinent sections of the act provide:

"Sec. 1. The owner or owners of any tract of land lying within the corporate limits of any city, town or village, may have the same disconnected from the city, town or village, under the provisions of this act, if such tract, (1) contains ten (10) acres or more; (2) is used exclusively for agricultural purposes; (3) is not subdivided into lots and blocks; (4) is located on the border or boundary of this city, town or village; and (5) is not bounded on more than two sides by lands subdivided into lots and blocks.

"Sec. 2. The owner or owners of any such tract who desire such disconnection, shall file a petition in the county or circuit court of the county where the land, or the greater part thereof, is situated, and in such petition shall allege facts in support of such disconnection. The particular city, town or village, shall be made defendant, and it or any tax-payer resident in such municipality, may appear and defend against such petition. If the court finds that the allegations are true, that the petition is by or on behalf of the owner or owners, and that such tract is entitled to disconnection under the provisions of section 1 of this act, the tract shall be ordered disconnected."

The petition contained allegations of the essential facts enumerated in section 1. The grounds of demurrer are, that the act is unconstitutional in that it purports to confer upon the circuit court and county court the legislative function of fixing the boundaries of cities and villages incorporated under the general law, in violation of article 3 of the constitution, which divides the powers of govern-

ment into legislative, executive and judicial departments; that the act is in contravention of section 22 of article 4 of the constitution, which prohibits the General Assembly from passing local or special laws; that it purports to grant special privileges and immunities to the owners of certain lands not granted to owners of other lands similarly situated; and that it violates the due process clauses of the State and Federal constitutions, in that while it gives any tax-payer of the municipality affected the right to appear and defend, it provides for no notice to such tax-payer.

The act purports to give to the owner of a tract containing ten acres or more, used exclusively for agricultural purposes, not subdivided and not bounded on more than two sides by subdivided lands and located on the border or boundary of a municipality, the right to have such land disconnected therefrom. It denies that right to the owner of a tract which may be in part used for some other purpose. Vacant or timber lands, lands used for recreation or on which there is located any "non-agricultural" industry are not included within provisions of the act. In *People* v. *City of Joliet*, 328 Ill. 126, we said that "agriculture" is another indefinite word which in its broad sense "includes farming, horticulture and forestry, together with such subjects as butter and cheese-making, sugar-making, etc. Unless restricted by the context the words 'agricultural purposes' have generally been given this comprehensive meaning." If this definition is adhered to, (and we observe no reason why it should not be,) the owner of a tract of land on which there is located a creamery, a cheese factory or one for sugar-making, and otherwise within the provisions of the act, is entitled to have his land disconnected from the municipality. The owner of another tract in the same municipality, on a small portion of which there happens to be located a filling station, a wayside restaurant, a small store, an elevator, or any

other non-agricultural enterprise common to suburban activity but otherwise within the terms of the act, has no such privilege.

It is apparent that the owner of a tract never used for agricultural purposes but otherwise within the act and suitable for subdivision or a factory site, for which there might be an immediate remunerative prospect, could plow the tract, plant a crop, have it disconnected and reap the benefits from the new enterprise, while his neighbor owning land similarily situated, on a small portion of which was located a commercial garage, would have no such right to have his land disconnected. A square tract of ten or more acres of agricultural land in the corner of a municipality obviously could not be bounded on more than two sides by other platted lands. If not subdivided it is within the terms of the act although lying immediately adjacent to a closely built-up residence or business district. Another farm within the terms of the act, except for being bounded on three sides by abandoned but not vacated subdivisions lying unsold for many years and used wholly for agriculture, with no prospect of any change in such use, may not enjoy the benefits of the act although lying miles from any built-up portion of the municipality.

From the foregoing examples it is readily perceived that the act purports to grant privileges and immunities to the owners of certain lands not enjoyed by the owners of other lands in the same municipality, without any reasonable basis for the classification. Such arbitrary acts of the legislature have uniformly been held unconstitutional. (*People* v. *Wilcox*, 237 Ill. 421; *People* v. *Kewanee Light Co.* 262 id. 255; *Frazer* v. *Shelton*, 320 id. 253; *Connolly* v. *Union Sewer Pipe Co.* 184 U. S. 540.) The most recent expression of this court upon that subject is found in *Winter* v. *Barrett*, 352 Ill. 441, where an exemption of farmers and motor fuel dealers from the terms of the Sales Tax act was held invalid.

In *People* v. *City of Joliet, supra,* proceedings for the annexation of certain territory to the city of Joliet were held invalid because a certain tract did not come within the statute under which the proceedings were had. That statute provides for the annexation of territory not less than one square mile in area and containing at least five hundred inhabitants, provided that no tract used exclusively for agricultural purposes shall be embraced in such territory without the owner's consent unless bounded on three sides by subdivided territory included in the proceeding. It also provides for an election on the question by the legal voters of the territory. It is urged that in that case we adopted not only the classification of agricultural land but also the condition that it be bounded on more than two sides by subdivided lands. The terms of that statute differ materially from those of the statute here involved. A very good reason for the proviso in the Annexation act is apparent. Were it not for the proviso, large areas of sparsely settled or uninhabited land suitable only for agricultural purposes could be annexed by the simple process of out-voting the owners. It was unnecessary to decide any constitutional question presented in the *Joliet case* and we expressly refrained from doing so. The opinion in that case does not control the issue here.

The act in question is not based on a classification which is founded on a rational difference of situation or conditions existing in the persons and objects which are the subjects of such classification and falls within the constitutional prohibition against special legislation.

The circuit court correctly sustained the demurrer, and the order dismissing the petition is affirmed.

*Order affirmed.*