## MILLER *v.* DETROIT SAVINGS BANK.

1. HOMESTEADS—PUBLIC POLICY—CONSTRUCTION OF STATUTE.

   The law which gives the homestead right is to be liberally construed and favorably regarded as the welfare of the family, the community, and the State are all alike interested in the maintenance of the family and the home (Const. 1908, art. 14, § 2; 3 Comp. Laws 1929, § 14608; Act No. 98, § 14, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 [Ex. Sess.]).

2. CONSTITUTIONAL LAW—CLASSIFICATION IN STATUTES.

   The question of classification is primarily for the legislature and is sufficient if it is practical and reasonable and not reviewable unless palpably arbitrary.

3. SAME—EQUAL PROTECTION—CLASSIFICATION.

   Equal protection of the laws does not prevent a reasonable classification by legislative enactment and the ultimate decision as to the wisdom of such laws rests with the legislature.

4. SAME—BURDEN OF SHOWING CLASSIFICATION ARBITRARY.

   If any state of facts reasonably can be conceived that would sustain a statutory classification, its existence must be assumed and one who assails it must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary.

5. SAME—MORTGAGE MORATORIUM ACT—HOMESTEADS—CLASSIFICATION.

   Amendment of mortgage moratorium act extending the operation of the act for a specified period but confining the class who might secure relief thereunder to owners of freehold interest in homestead property *held*, a reasonable classification in suit for moratorium relief by mortgagor of premises not used as a homestead (Act No. 98, § 14, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 [Ex. Sess.]).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 14, 1939. (Docket No. 69, Calendar No. 40,471.) Decided July 6, 1939.

Bill by Mabel Rowe Miller against Detroit Savings Bank, a Michigan corporation, for moratorium relief from foreclosure of a mortgage. From order dismissing bill, plaintiff appeals. Affirmed.

*Cyrowski, Cyrowski & Cyrowski (Edward F. Traver,* of counsel), for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

McALLISTER, J.   Plaintiff owns a two-family residence in Detroit on which she gave a mortgage to defendant, and which, for default, was foreclosed by advertisement May 4, 1934. The premises are not used as a homestead. In March, 1935, plaintiff sought relief under the mortgage moratorium statute (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [1st Ex. Sess.], and Act No. 3, Pub. Acts 1935 [Comp. Laws Supp. 1935, § 14444-1 *et seq.*]), which was granted, and the period of redemption extended to March 1, 1937. On April 12, 1937, on motion, pursuant to amendment of said act, the period of redemption was again extended to November, 1938. On October 25, 1938, plaintiff again sought relief under a subsequent amendment to the moratorium act. Her motion was denied and the restraining order and bill of complaint were dismissed, and plaintiff was ordered to turn over the premises to defendant. From such order plaintiff appeals.

The statute under which plaintiff asked relief on her last motion is Act No. 7, § 14, Pub. Acts 1938 (Ex. Sess.), amending and extending the operation of Act No. 98, Pub. Acts 1933, as amended (Stat.

Ann. 1939 Cum. Supp. § 27.1322 *et seq.*), and provides:

"The extension of the moratorium provisions of this act from the first day of November, nineteen hundred thirty-eight, to the first day of July, nineteen hundred thirty-nine, shall apply only to any person or persons having any freehold interest in homesteads as herein defined. Such person or persons may have relief under this act as to one homestead only. The term 'homestead' as herein used shall mean the following:        *        *        *

"Any single dwelling house or two-family house with a private garage and out buildings located on not to exceed four lots in any city, village or recorded plat owned and occupied as a home or legally claimed as a homestead at any time from and after February fourteen, nineteen hundred thirty-three, by the owner of the fee or other freehold interest, or of the vendee's interest under land contract." (Act No. 98, § 14, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 [Ex. Sess.] [Comp. Laws Supp. 1939, § 14444–17, Stat. Ann. 1939 Cum. Supp. § 27.1333(1)]).

"The emergency set forth in section one of act number ninety-eight of the public acts of nineteen hundred thirty-three is hereby declared to be still in existence." (Act No. 7, § 2, Pub. Acts 1938 [Ex. Sess.] [Comp. Laws Supp. 1939, § 14444–17a, Stat. Ann. 1939 Cum. Supp. § 27.1321 note]).

Plaintiff contends that the amendment confining relief under the moratorium act to owners of homesteads constitutes unreasonable class legislation, and that the limitation of homestead rights to premises of the classification therein set forth is arbitrary and capricious. If such provisions are to be held void, plaintiff counts on being able to avail herself of moratorium relief under other existing provisions of the statute which are not limited to owners of homestead interests.

Homesteads are especially exempted by statute from forced sale on execution. 3 Comp. Laws 1929, § 14608 (Stat. Ann. § 27.1572). While, of course, such exemption is based upon Const. 1908, art. 14, § 2, that very fact shows an enunciation by the people of the State of a clearly defined public policy.

"The law which gives the homestead right is to be liberally construed and favorably regarded. Courts of equity look with favor upon the benefits sought to be accomplished by this statute.

"The welfare of the family, the community, and the State are all alike interested in the maintenance of the family and the home." *Armitage* v. *Toll,* 64 Mich. 412.

The question of classification is primarily for the legislature and is sufficient if it is practical and reasonable. It is not reviewable unless palpably arbitrary. *Straus* v. *Elless Co.,* 245 Mich. 558. Equal protection of the laws does not prevent a reasonable classification by legislative enactment and the ultimate decision as to the wisdom of such laws rests with the legislature. *Little* v. *American State Bank of Dearborn,* 263 Mich. 645.

"A citation of cases is not necessary, nor for the general principle that a discrimination is valid if not arbitrary, and arbitrary in the legislative sense, that is, outside of that wide discretion which a legislature may exercise. A legislative classification may rest on narrow distinctions. Legislation is addressed to evils as they may appear, and even degrees of evil may determine its exercise." *German Alliance Ins. Co.* v. *Lewis,* 233 U. S. 389, 418 (34 Sup. Ct. 612, L. R. A. 1915C, 1189).

If any state of facts reasonably can be conceived that would sustain statutory classification, its existence must be assumed. *Naudzius* v. *Lahr,* 253 Mich. 216 (74 A. L. R. 1189, 30 N. C. C. A. 179).

In *Borden's Farm Products Co., Inc.,* v. *Baldwin,* 293 U. S. 194, 209 (55 Sup. Ct. 187), it is said:

"When the classification made by the legislature is called in question, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails the classification must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary. *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61 (31 Sup. Ct. 337, Ann. Cas. 1912C, 160; *Ohio, ex rel. Clarke,* v. *Deckebach,* 274 U. S. 392, 397 (47 Sup. Ct. 630); *Lawrence* v. *State Tax Com'n of Mississippi,* 286 U. S. 276, 283 (52 Sup. Ct. 556, 87 A. L. R. 374)."

The fact that the amendment, Act No. 7, § 14, Pub. Acts 1938 (Ex. Sess.), to the moratorium act, Act No. 98, Pub. Acts 1933, as amended, provides for a narrower classification of persons entitled to remedy thereunder, is not in contravention of the declared purposes of the act. The more restricted purposes are covered by the larger objects of the statute. We find no unreasonable classification under the amendment.

Decree affirmed, with costs to defendant.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, and North, JJ., concurred with McAllister, J.

Wiest, J. (*concurring*). I concur in the result.

Relief by moratorium is a legislative bestowal and not violative of constitutional provisions only because of universal need occasioned by general financial distress. Such legislation, if measured by constitutional tests as to class of recipients and character of holdings of property, as invoked by ap-

pellant, would reach back and destroy the whole scheme. The legislation confers an otherwise non-existing measure of relief and may not be assailed as violative of constitutional provisions relating to vested rights.

Appellant is not within the terms of the extension amendment and can have no relief.