TRIBBETT *v.* VILLAGE OF MARCELLUS.

1. STATUTES—STANDARD FOR CLASSIFYING MUNICIPAL CORPORATIONS—POPULATION.

Size and population of cities and villages are not unreasonable standards for the legislature to adopt in classifying such municipalities for purposes of statute relative to disconnection of lands therefrom (Act No. 177, Pub. Acts 1939).

2. SAME—CLASSIFICATION—MUNICIPAL CORPORATIONS—POPULATION—LOCAL AND GENERAL ACTS.

A statute authorizing the disconnection of land from cities but not villages of less than 500 population and from villages but not cities of more than 7,000 population is not unconstitutional for an invalid classification nor is it a local rather than a general act (Const. 1908, art. 5, § 30; Act No. 177, Pub. Acts 1939).

3. SAME—CLASSIFICATION—REVIEW.

A statutory classification is sufficient if it is practical and reasonable, and is not reviewable unless palpably arbitrary and unreasonable.

4. SAME—POPULATION AS BASIS OF CLASSIFICATION—LOCAL LEGISLATION.

Where the subject of legislation is such that population has no obvious relation to the purpose sought to be accomplished, an attempt to make the application of the legislative act dependent on population is unwarranted and amounts to local legislation.

5. MUNICIPAL CORPORATIONS—STATUTES.

Statutes affecting villages may be enacted without any reference to cities.

6. CONSTITUTIONAL LAW—CLASSIFICATION.

The question of classification in a statute is primarily for the legislature.

7. SAME—EQUAL PROTECTION—CLASSIFICATION.

Equal protection of the laws does not prevent a reasonable classification by legislative enactment and the ultimate decision as to the wisdom of such laws rests with the legislature.

8. Same—Burden of Showing Classification Arbitrary.

> If any state of facts reasonably can be conceived that would sustain a statutory classification, its existence must be assumed and one who assails it must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary.

9. Same—Delegation of Powers.

> While the legislature cannot delegate its power to make a law, it can enact a law delegating power to determine a fact or a state of things upon which the application of the law depends.

10. Same—Delegation of Powers by Legislature to Courts or Public Officials.

> Where it is difficult or impracticable to lay down a definite, comprehensive rule for the application of a statute, the legislature may vest discretionary power in courts or public officials for the determination of whether the law applies in a particular instance.

11. Same—Municipal Corporations—Delegation of Powers to Court of Equity.

> Act permitting disconnection of lands from cities and villages which vests power in the circuit court to deny the petition for disconnection if the granting of it would be inequitable is not invalid because of an unconstitutional delegation of legislative power to a court since the court's action would rest upon findings, arrived at in accordance with well-established rules of equity jurisprudence, depending upon the facts and circumstances in each case (Act No. 177, Pub. Acts 1939).

12. Same—Disconnection of Land from Cities and Villages—Legislature—Boards of Supervisors.

> That an act authorizing the disconnection of land from cities and villages may result in a change of boundaries of the village or township does not contravene constitutional powers of boards of supervisors to organize and consolidate townships under such restrictions and limitations as shall be prescribed by law since the power conferred by the Constitution upon the legislature to provide by general law for incorporation of villages includes changes of boundaries when needed (Const. 1908, art. 8, §§ 15, 20; Act No. 177, Pub. Acts 1939).

13. Statutes—Local Acts.

> An act is not local merely because by reason of its provisions only one locality within the State may come under its terms.

14. SAME—GENERAL LAWS.

A general law is one which includes all persons, classes and property similarly situated and which come within its limitations.

15. MUNICIPAL CORPORATIONS—DISCONNECTION OF AGRICULTURAL LANDS—STATUTES—CLASSIFICATION.

Statute authorizing disconnection from cities and villages of tracts of land of 10 acres or more which have not been subdivided, have been used for agricultural purposes only, are on the border or boundary of the city or village, and will not leave a part thereof isolated from the remainder *held*, not unconstitutional as unreasonable or because the classification was arbitrary (Act No. 177, Pub. Acts 1939).

16. SAME—CHANCERY APPEAL—DISCONNECTION OF LANDS FROM VILLAGE.

The appeal from an order denying a petition to disconnect land from a village under statute authorizing such procedure, being in chancery, is of right, and leave to appeal need not first be obtained (Comp. Laws 1929, § 1465 *et seq.;* § 15508; Act No. 177, Pub. Acts 1939).

17. APPEAL AND ERROR—COURT RULES—QUESTIONS INVOLVED.

Pursuant to the court rules, matters for consideration of the Supreme Court must be set forth in the briefs as questions involved (Court Rules Nos. 67, § 1; 68, § 1 [1933]).

18. COSTS—PUBLIC QUESTION—DISCONNECTION OF LANDS FROM VILLAGE.

No costs are allowed upon appeal in case involving the disconnection of lands from a village, a public question being involved (1 Comp. Laws 1929, § 1465 *et seq.;* Act No. 177, Pub. Acts 1939).

Appeal from Cass; Warner (Glenn E.), J. Submitted June 7, 1940. (Docket No. 57, Calendar No. 41,152.) Decided September 6, 1940.

Petition by Clark P. Tribbett and wife against Village of Marcellus for disconnection of land. Decree for defendant. Plaintiffs appeal. Reversed and decree ordered entered granting petition.

*Carroll B. Jones* and *Earl L. Burhans,* for plaintiffs.

*Clarence M. Lyle,* for defendant.

*John R. Rood, amicus curiae.*

McALLISTER, J.  This is an appeal from an order of the circuit court in chancery dismissing a petition for disconnection of land from the village of Marcellus.  The trial judge held that the statute under which disconnection was sought was unconstitutional.  Plaintiffs appealed, and defendant filed a motion to dismiss the appeal on the ground that the statute in question provided for no right of appeal from the court's determination.

The pertinent sections of the statute in question, Act No. 177, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 2344-1 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 5.2245[1] *et seq.*), provide as follows:

"SECTION 1.  The owner or owners of any area of land consisting of one or more tracts, lying within the corporate limits of any city or village, may have the same disconnected from such city or village under the provisions of this act if such area of land

"(1) Contains 10 or more acres;

"(2) Is not subdivided into city or village lots and blocks;

"(3) Is located on the border or boundary of the city or village: *Provided, however,* That such disconnection shall not result in the isolation of any part of the said city or village from the remainder of such city or village.

"(4) Shall have been for a period of three years next preceding the filing of the petition provided for in section 2 hereof, used for agricultural purposes only.

"SEC. 2.  The owner or owners of any such area of land who desire such disconnection shall file a petition in the circuit court of the county where the land, or the greater part thereof, is situated, and in such petition shall allege facts in support of such

disconnection.   The particular city or village shall be made defendant, and it, or any taxpayer resident in such municipality, may appear and defend against such petition.   If the court finds that the allegations of said petition are true and that such area of land is entitled to disconnection under the provisions of section 1 of this act, it shall order said land disconnected from such city or village.   In case of the disconnection from a city of any land which previously constituted a part of one or more townships, such land shall thereupon attach to and become a part of such township or townships, which shall be specified in the judgment. In case of the disconnection of any other land, the court shall determine and specify in the judgment what township or townships such land shall attach to and become a part of : *Provided, however,* That if by reason of city or village owned sewers, sidewalks, highways, watermains, gas mains, or other public improvements, upon or abutting said property, it would be inequitable to such city or village to grant said petition, the circuit judge may in his discretion deny the same even though petitioner has met the qualifications set forth in section 1 hereof. * * *

"SEC. 5.   The provisions of this act shall not apply in the case of proposed disconnection of any land from cities of over 7,000 population.   The provisions of this act shall not apply in the case of proposed disconnection of any land from incorporated villages under 500 population.

"SEC. 6.   This act shall cease to be in force and effect at the expiration of one year from the effective date thereof."

On February 15, 1879, the legislature, by Local Act No. 269 of 1879, incorporated the village of Marcellus, the area of which consisted of a portion of Marcellus township in Cass county.   No change in the village boundaries has occurred since its incorporation.   At the present time the village is operating under Act No. 3, Pub. Acts 1895 (1 Comp.

Laws 1929, § 1465 *et seq.* [Stat. Ann. § 5.1201 *et seq.*]). It has a population of 944 inhabitants; it maintains an electric lighting system, water works, and the usual village public services.

It is contended by the village that Act No. 177, Pub. Acts 1939, is unconstitutional on the ground that it is class legislation; that it is a local act, prohibited by Const. 1908, art. 5, § 30; that it provides a method of amending city and village charters inconsistent with Const. 1908, art. 8, §§ 20, 21; and that the statute embraces more than one object which is not expressed in its title, in violation of Const. 1908, art. 5, § 21.

With reference to the claim that the statute is unconstitutional because of improper classification of cities and villages according to population and that it is, therefore, a local act rather than a general act, such contention cannot be maintained. In all cases of classification, the line must be drawn somewhere if laws are to be certain and practical in their operation. Size and population are not unreasonable standards for the legislature to adopt. Similar cases readily suggest themselves. Classification of school districts based upon population is not unconstitutional. See *Chamski* v. *Wayne County Board of Auditors,* 288 Mich. 238; nor are statutes providing for classification of cities and villages according to population, invalid. The fact that villages of over 7,000 inhabitants and cities with less than 500 inhabitants may receive the benefit of the statute, while cities of more than 7,000 and villages of less than 500 inhabitants do not receive such benefit, does not result in invalidity. A classification is sufficient if it is practical and reasonable, and is not reviewable unless palpably arbitrary and unreasonable.

"If it is a reasonable and logical basis of classification, considering the subject of legislation, unquestionably a specified population may be made the

test of the applicability of a general legislative act; and under such conditions the act will not be construed to be invalid as local legislation. *Hayes* v. *Auditor General,* 184 Mich. 39. But where the subject of legislation is such that population has no obvious relation to the purpose sought to be accomplished, an attempt to make the application of the legislative act dependent on population is unwarranted and amounts to local legislation. *Attorney General, ex rel. Dingeman,* v. *Lacy,* 180 Mich. 329." *Mulloy* v. *Wayne County Board of Supervisors,* 246 Mich. 632, 635.

While population is not alone the basis of classification in the statute, nevertheless the classification of villages and cities of prescribed population, even though all municipalities of like population are not subject to the same conditions, cannot be said to be an arbitrary and unreasonable exercise of legislative power. It appears that, according to the census of 1930, there were about 475 cities and villages in the State. Of these, two villages had a population exceeding 7,000 and seven cities had a population of less than 500. If the classification were to be determined solely according to population in cities and villages alike, the provisions of the statute in question would present only nine exceptions out of 475 municipalities. It could hardly be said that this fact evidences subterfuge to avoid the effect of a general act.

There can be no question that, if the act applied only to cities of less than 7,000 population, it could be sustained as constitutional; or if the act applied only to villages of more than 500 population, legislative classification would be unquestioned. In the first case it could be justified on the ground that it was the legislative policy to exclude application of the act to large cities for the reason that such land should remain within the municipal limits for future

development. In the latter case it could be argued that villages of less than 500 population needed to retain the land as a taxpaying support for local government because of the few sources from which village taxes could be raised. In *City of Allegan* v. *Consumers Power Co.* (C. C. A.), 71 Fed. (2d) 477, it was held that a Michigan statute, general in form, and validating bonds of *cities with a population not exceeding 4,500,* was a general law within the constitutional inhibition of Const. 1908, art. 5, § 30, prohibiting a local act. Const. 1908, art. 8, § 20, provides: "The legislature shall provide by a general law for the incorporation of cities, and by a general law for the incorporation of villages." Statutes affecting villages may be enacted without any reference to cities. The act in question affects all villages of a certain population equally; and it affects all cities of a certain population equally. The act is general, not special, and not invalid for constitutional infringement.

"The question of classification is primarily for the legislature and is sufficient if it is practical and reasonable. It is not reviewable unless palpably arbitrary. *Straus* v. *Elless Co.,* 245 Mich. 558. Equal protection of the laws does not prevent a reasonable classification by legislative enactment and the ultimate decision as to the wisdom of such laws rests with the legislature. *Little* v. *American State Bank of Dearborn,* 263 Mich. 645.

" 'A citation of cases is not necessary, nor for the general principle that a discrimination is valid if not arbitrary, and arbitrary in the legislative sense, that is, outside of that wide discretion which a legislature may exercise. A legislative classification may rest on narrow distinctions. Legislation is addressed to evils as they may appear, and even degrees of evil may determine its exercise.' *German Alliance Ins. Co.* v. *Lewis,* 233 U. S. 389, 418 (34 Sup. Ct. 612, L. R. A. 1915 C, 1189).

"If any state of facts reasonably can be conceived that would sustain statutory classification, its exist-

ence must be assumed. *Naudzius* v. *Lahr*, 253 Mich. 216 (74 A. L. R. 1189, 30 N. C. C. A. 179).

"In *Borden's Farm Products Co., Inc.,* v. *Baldwin,* 293 U. S. 194, 209 (55 Sup. Ct. 187), it is said:

" 'When the classification made by the legislature is called in question, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails the classification must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary. *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61 (31 Sup. Ct. 337, Ann. Cas. 1912 C, 160); *Ohio, ex rel. Clarke,* v. *Deckebach,* 274 U. S. 392, 397 (47 Sup. Ct. 630); *Lawrence* v. *State Tax Com'n of Mississippi,* 286 U. S. 276, 283 (52 Sup. Ct. 556, 87 A. L. R. 374).' " *Miller* v. *Detroit Savings Bank,* 289 Mich. 494, 497.

Counsel for the village of Marcellus maintains that the act is unconstitutional because the statute provides that the circuit judge may in his discretion deny a petition for disconnection where, although the petitioner has met the qualifications set forth in the act, it would be inequitable to grant the same. It is insisted that reposing such discretion in the trial court results in an unconstitutional delegation of legislative power to the court. While the legislature cannot delegate its power to make a law, nevertheless it can enact a law to delegate a power to determine a fact or a state of things upon which the application of the law depends. *Field* v. *Clark,* 143 U. S. 649 (12 Sup. Ct. 495). Where it is difficult or impracticable to lay down a definite, comprehensive rule for the application of a statute, the legislature may vest discretionary power in courts or public officials for the determination of whether the law applies in a particular instance. The question of the limits of such discretionary power often occasions uncertainty; and, as was said by Chief Justice Marshall, "the precise boundary of this power is a subject of delicate and difficult inquiry." See

*Wayman* v. *Southard,* 10 Wheat. (23 U. S.) 1, 46. It is true, as contended by counsel for the village of Marcellus, that the act in question delegates to the circuit court discretionary powers with reference to the application of the statute. But it is not an absolute discretion but depends upon a judicial determination that the granting of a petition for disconnection would be inequitable. Such a finding rests upon the facts and circumstances of each case; and such a conclusion rests not upon an arbitrary conclusion of the court but upon well-established rules of equity jurisprudence. Under these circumstances, the delegation of power to ascertain a state of facts under which the statute is applicable is not unconstitutional. *In re Brewster Street Housing Site,* 291 Mich. 313.

That the act may result in a change of boundaries of the village or township does not violate the provisions of the State Constitution which provide that the board of supervisors of each organized county may organize and consolidate townships under such restrictions and limitations as shall be prescribed by law.* The power conferred by the Constitution (art. 8, § 20) to provide by general law for incorporation of villages includes changes of boundaries when needed. *Village of Kingsford* v. *Cudlip,* 258 Mich. 144.

Perhaps the most important contention made with reference to the unconstitutionality of the statute is the argument of counsel for defendant village that the act is invalid because of the limited conditions under which it may be invoked and that the provisions with regard to disconnection based upon acreage, use of land, and location are unreasonable, arbitrary, and capricious. The trial court held that the act was unconstitutional because it applied only to areas of land containing 10 acres or more used

---

* See Const. 1908, art. 8, § 15.—REPORTER.

for agricultural purposes and because the classification of population as applied to cities and villages was unwarranted. In *Hunter* v. *City of Tracy,* 104 Minn. 378 (116 N. W. 922), it was held that a similar statute did not arbitrarily discriminate in favor of the owner of land occupied and used for agricultural purposes. The court said:

"The legislature cannot adopt a mere arbitrary classification, for any classification for the purposes of legislation must rest upon 'such a difference in the situation and circumstances of the subjects placed in different classes as suggests the necessity or propriety of different legislation with respect to them.' *Nichols* v. *Walter,* 37 Minn. 264, 272 (33 N. W. 800) ; *State, ex rel. Board of Education of City of Minneapolis,* v. *Brown,* 97 Minn. 402 (106 N. W. 477, 5 L. R. A. [N. S.] 327). Courts, however, cannot review legislative discretion and declare a given classification arbitrary simply because they differ with the legislature as to the propriety of the classification and the sufficiency of the reasons upon which it is based; for the lawmaking power is vested in the legislature. It must not be lightly assumed that legislators are less wise, or less mindful of the mandates of the Constitution, than judges are. Therefore it is only in cases where it is manifest upon the face of a statute that a classification therein is based upon no reason, but is purely an arbitrary act, that courts may and must, for that reason, declare unconstitutional. *State, ex rel. Douglas,* v. *Westfall,* 85 Minn. 437 (89 N. W. 175, 57 L. R. A. 297, 89 Am. St. Rep. 571) ; *State, ex rel. Board of Education of City of Minneapolis,* v. *Brown,* 97 Minn. 402 (106 N. W. 477, 5 L. R. A. [N. S.] 327). *It is quite clear that the statute in question does not arbitrarily discriminate in favor of the owner of land occupied and used for agricultural purposes, for it is not difficult to suggest reasons for the classification in this respect.* The retention of large tracts of rural or agricultural lands within the territorial limits of cities, which are

not needed for municipal purposes, and which receive no benefit from being within the city limits, and which are subjected thereby to increased taxation simply for the benefit of the municipality, is an injustice. The statute in question was intended to afford a remedy in such cases. It is manifest that rural lands used exclusively for agricultural purposes do not sustain the same relation to the municipality as do unplatted lands which are used for manufacturing or mining or other similar purposes; for lands of the latter class may, and usually do, derive a benefit from the municipality in many ways, such as the benefit of police protection, water, lights, and sewerage, while those of the latter class do not. It follows that the classification of land, with reference to its character and use, in the statute under consideration cannot be held to be merely arbitrary and obviously based upon no reason. *Stees* v. *Bergmeier,* 91 Minn. 513 (98 N. W. 648)."

In a similar case, *Punke* v. *Village of Elliott,* 364 Ill. 604 (5 N. E. [2d] 389), the supreme court of Illinois, in upholding the constitutionality of a disconnection statute, said:

"It is urged that the act is a local law. The term 'local,' as used in the Constitution, means laws which act upon a part, only, of the domain of the State, while 'special' laws operate upon only a portion of the people of the State by granting to them rights, privileges, or immunities not enjoyed by the whole people or imposing a burden or obligation not borne by all the people. (*Mathews* v. *City of Chicago,* 342 Ill. 120, 128 [174 N. E. 35].) So an act is not local merely because by reason of its provision only one locality within the State may come under its terms. A general law is one which includes all persons, classes and property similarly situated and which come within its limitations. (*People, ex rel. City of Kewanee,* v. *Kewanee Light & Power Co.,* 262 Ill. 255, 262 [104 N. E. 680];

*People, ex rel. States Attorney,* v. *Hoffman,* 116 Ill. 587, 597 [5 N. E. 596, 8 N. E. 788, 56 Am. Rep. 793].) The act here was not local to any particular municipality. It did not impose any special burden upon any city or village or the taxpayers thereof. The act applies to the owners of all tracts of land of 20 acres or more not subdivided into lots or blocks located on the boundary line of any city, town or village, where such disconnection would not result in the isolation of any part of such municipality. It affords equal protection to all persons affected by it, inasmuch as the statute requires the same means and methods be employed alike to the persons composing the class affected, so that it operates uniformly upon all persons similarly situated. (*Reif* v. *Barrett,* 355 Ill. 104, 120 [188 N. E. 889, 896]; *Lipman* v. *Goebel,* 357 Ill. 315 [192 N. E. 203]; *Central Lumber Co.* v. *South Dakota,* 226 U. S. 157 [33 Sup. Ct. 66].) No particular right, privilege or immunity was granted the petitioner that was not likewise conferred upon other owners in like situation. It is neither a special nor a local law.

"Appellant contends the classification of tracts which may be disconnected being limited to those of a minimum of 20 acres is unreasonable. The classification of objects and subjects for legislative purposes rests in the legislative department. It is permitted a wide range of discretion in the exercise of such power. (*Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283 [18 Sup. Ct. 594].) The judicial department may not interfere with such classification when made unless it is clearly unreasonable. (*Casparis Stone Co.* v. *Industrial Board of Illinois,* 278 Ill. 77 [115 N. E. 822].) Nor is it necessary that such classification be accurate, scientific, logical or harmonious, so long as it is not arbitrary and will accomplish the legislative design. (*Stewart* v. *Brady,* 300 Ill. 425, 435 [133 N. E. 310].) The basis of the act here is acreage or size—not valuation or population, as is frequently the foundation of legislative acts. Size, where the circum-

stances justify it, may properly be assumed as the index to legislative enactments. (*People* v. *Stokes,* 281 Ill. 159, 168 [118 N. E. 87].)

"The legislature has determined that an evil exists in compelling owners of tracts of 20 acres or more, not subdivided and which border a city or village, to pay taxes for urban benefits. It is obvious that unsubdivided tracts of this size do not possess any characteristics of city or village property. They receive no practical benefits from being within the limits of such municipality and contributing, by paying taxes, to the expense of the maintenance and administration of such local governmental agency. It is true that tracts of less than 20 acres may likewise receive no benefits for the local taxes paid, but that is a criticism addressed against the legislative wisdom rather than a constitutional defect."

But see, *contra, Forsythe* v. *Village of Cooksville,* 356 Ill. 289 (190 N. E. 421), and *Millett* v. *City of Hastings,* 179 Minn. 358 (229 N. W. 346).

No case of arbitrary or palpable unreasonableness is presented in this case. From the foregoing, it is our determination that the statute is not unconstitutional for unreasonable or arbitrary classification.

In this court, defendant moved to dismiss plaintiffs' appeal for the reason that no application for leave to appeal was made or granted, and that the statute made no provision for appeal. But the appeal was in chancery; and such right of appeal is conferred by statute. 3 Comp. Laws 1929, § 15508 (Stat. Ann. § 27.2608). See *Guthrie* v. *Leelanau Circuit Judge,* 197 Mich. 321.

Other matters argued are not set forth in the briefs as questions involved according to the requirements of Court Rules Nos. 67, § 1, and 68, § 1 (1933),

and are unnecessary to our determination of the case.

Inasmuch as the trial court found that the proofs in the case established the essential facts required in the statute for the application thereof to the lands in question, the order of the circuit court is set aside, and a decree is ordered entered granting the petition. No costs are allowed, as a public question is involved.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.