*In re* PHILLIPS.

1. Appeal and Error—Questions Reviewable—Alien Minors—
   Prosecution of Action in United States Courts.
       Claim that statute limiting appointment of fiduciaries to residents of the State or banks and trust companies authorized to do business in this State deprived an alien minor of the right to prosecute a cause of action in the courts of the United States is not considered where record on appeal from probate and circuit courts fails to disclose minor involved intends to bring a suit in the Federal courts, such claim in that respect being wholly anticipatory (Act No. 288, chap. 4, § 27, Pub. Acts 1939).

2. Constitutional Law—Classification—Foreign Banks and
   Trust Companies as Fiduciaries.
       Alien's contention that statute limiting appointment of fiduciaries to residents of the State or banks and trust companies

authorized to do business in this State constituted an arbitrary discrimination as it would thus permit guardianship by foreign banks and trust companies was unsound where such institutions are not authorized to do business in this State (U. S. Const. am. 14; Act No. 288, chap. 4, § 27, Pub. Acts 1939).

3. SAME—CLASSIFICATION—ALIEN RACE—ALLEGIANCE.

The Fourteenth Amendment to the Constitution of the United States is not violated by a reasonable classification contained in a statute, and alien race and allegiance may bear such a relation to the legitimate object of legislation as to be made the basis of a permitted classification.

4. SAME—GUARDIANSHIP—DISQUALIFICATIONS—CLASSIFICATION.

The matter of guardianship is a proper subject of legislative action, and the legislature has the power to say that certain persons, or classes of persons, are disqualified as long as the law is uniform and not discriminatory (U. S. Const. am. 14).

5. SAME—CLASSIFICATION—PRESUMPTIONS.

When the classification made by the legislature is called in question, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails the classification must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary (U. S. Const. am. 14).

6. SAME—STATUTES PRESUMED CONSTITUTIONAL.

All presumptions are in favor of the constitutionality of a State statute and before it may be declared unconstitutional, it is necessary to point out the limitation upon the power of the legislature which the legislation in question transcends.

7. SAME—CLASS LEGISLATION.

Legislation is not unconstitutional because it is legislation of a particular kind and character or because it benefits a particular class if the object and purpose is legitimate and within the terms of the Constitution and the law operates equally upon those within the particular class (U. S. Const. am. 14).

8. SAME—COURTS—REVIEW OF LEGISLATION.

Courts cannot review legislative discretion and declare a given classification arbitrary simply because they differ with the legislature as to the propriety of the classification and the sufficiency of the reasons upon which it is based (U. S. Const. am. 14).

9. GUARDIAN AND WARD—ALIENS—STATUTES—CONSTITUTIONAL LAW—
CLASSIFICATION.

Statute restricting appointment of fiduciaries, including guardians of minors, to residents of this State and to banks and trust companies authorized to do business in this State applies alike to all minors, whether citizens or subjects of friendly or enemy governments, and alike to all aliens who desire to be appointed guardians, and where appellant failed to show an irrational classification and no such classification is manifest on the face of the statute, it is not unconstitutional (U. S. Const. am. 14; Act No. 288, chap. 4, § 27, Pub. Acts 1939).

10. CONSTITUTIONAL LAW—BURDEN OF SHOWING IRRATIONAL CLASSIFICATION IN STATUTE ON ASSAILANT.

The burden of showing that the challenged legislation creates an irrational classification is on the party assailing the statute.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted April 14, 1943. (Docket No. 3, Calendar No. 42,072.) Decided June 7, 1943.

Petition of Margaret Phillips filed in probate court asking that she be appointed the guardian of Eva Phillips, a minor, accompanied by the nomination of such minor. Petition denied. Petitioner appealed to circuit court. The State of Michigan intervened. Order of probate court affirmed. Petitioner appeals. Affirmed.

*Gvazda & Shere,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Frederick Colombo,* Assistants Attorney General, for State of Michigan.

BUSHNELL, J. Eva Phillips, a minor of the age of 18, nominated her mother, Margaret Phillips, as her guardian. As the mother was not a citizen of the United States, the probate judge, because of

the provisions of Act No. 288, chap. 4, § 27, Pub. Acts 1939, the probate code (Comp. Laws Supp. 1940, § 16289-4 [27], Stat. Ann. 1942 Cum. Supp. § 27.3178 [278]), denied her petition and appointed another. This section reads:

"It is hereby declared to be the public policy of this State to require that all persons acting in a representative capacity under appointment of a probate court, as fiduciary, shall at all times be amenable to process issued out of the courts of this State, and to that end no person shall hereafter be deemed suitable and competent to act as a fiduciary, who is not a resident of this State and a citizen of the United States: Provided, That nothing herein shall be construed to limit the power of the court to appoint any bank or trust company authorized to do business in this State."

An appeal was taken to the circuit court on an agreed statement of facts. The circuit judge sustained the constitutionality of the foregoing section of the statute and affirmed the order of the probate court.

It is now argued that the section of the statute in question violates the "equal protection" clause of the Fourteenth Amendment to the Constitution of the United States in that it is arbitrary class legislation, which denies the right of guardianship to an alien; that it is unreasonable and discriminatory to deny the right of guardianship to a resident alien while permitting a resident citizen or a foreign bank or trust company, doing business in this State, to act as guardian. It is also claimed that the statute violates article 3, § 2, of the Constitution of the United States and Federal statutes enacted thereunder by depriving an alien minor of the right to prosecute a cause of action in the courts of the United States.

The record does not disclose that the minor in the instant case intends to bring any suit in the Federal court, and we must pass this point until a proper cause involving that issue is presented, as plaintiff's claim in this respect is wholly anticipatory. *Sullivan* v. *Michigan State Board of Dentistry,* 268 Mich. 427.

The contention that an arbitrary discrimination is set up in the statute by permitting "any bank or trust company authorized to do business in this State" to act as guardian and thus permit guardianship by foreign banks and trust companies is unsound, because foreign banks and trust companies are not authorized to do business in· this State.

The legislative purpose declared in the act is that fiduciaries "shall at all times be amenable to process issued out of the courts of this State." The Fourteenth Amendment is not violated by a reasonable classification, *Little* v. *American State Bank of Dearborn,* 263 Mich. 645, and the law is well settled that alien race and allegiance in some instances bear such a relation to the legitimate object of legislation as to be made the basis of a permitted classification. *State of Ohio, ex rel. Clarke,* v. *Deckebach,* 274 U. S. 392 (47 Sup. Ct. 630, 71 L. Ed. 1115).

Appellant cites *In the Matter of Estate and Guardianship of Tetsubumi Yano,* 188 Cal. 645 (206 Pac. 995), as persuasive authority that the instant statute is invalid. The statute in question in the *Yano Case* forbade the appointment of any alien not eligible to citizenship as guardian of a minor. Such a discrimination is not found in the Michigan statute in question.

The attorney general cites as persuasive authority the case of *In the Matter of Guardianship of Frank T. Fujimoto,* 130 Wash. 188 (226 Pac. 505, 39 A. L. R. 937). While we do not consider either the Cali-

fornia case or the Washington case to be in point, we nevertheless approve the following statement of the Washington court, p. 194:

"The matter of guardianship is a proper subject of legislative action, and the legislature has the power to say that certain persons, or classes of persons, are disqualified as long as the law is uniform and not discriminatory."

In *Tribbett* v. *Village of Marcellus,* 294 Mich. 607, 615, we quoted the following from *Borden's Farm Products, Inc.,* v. *Baldwin,* 293 U. S. 194, 209 (55 Sup. Ct. 187, 79 L. Ed. 281):

" 'When the classification made by the legislature is called in question, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails the classification must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary.' "

We said *In re Brewster Street Housing Site,* 291 Mich. 313, 335, 339:

"All presumptions are in favor of the constitutionality of the legislation and before it may be declared unconstitutional, it is necessary to point out the limitation upon the power of the legislature which the legislation in question transcends.   *   *   * Legislation is not unconstitutional because it is legislation of a particular kind and character, or because it benefits a particular class. If the object and purpose of the legislation is legitimate and within the terms of the Constitution, the mere fact that there is a classification, so long as the law operates equally upon those within the particular class, does not render it unconstitutional."

We also said in *Tribbett* v. *Village of Marcellus, supra,* p. 617:

"Courts, however, cannot review legislative discretion and declare a given classification arbitrary simply because they differ with the legislature as to the propriety of the classification and the sufficiency of the reasons upon which it is based; for the law-making power is vested in the legislature. It must not be lightly assumed that legislators are less wise, or less mindful of the mandates of the Constitution, than judges are. Therefore, it is only in cases where it is manifest upon the face of a statute that a classification therein is based upon no reason, but is purely an arbitrary act, that courts may and must, for that reason, declare unconstitutional."

The statute under consideration is not discriminatory for it applies alike to all minors, no matter whether they be citizens or subjects of friendly or enemy governments, and equally to all aliens who desire to be appointed guardians. The burden of showing that the challenged legislation creates an irrational classification is on the party assailing the statute. *Tribbett* v. *Village of Marcellus, supra.* Appellant did not sustain this burden and it is not manifest upon the face of the statute that the classification is arbitrary.

The judgment of the circuit court is affirmed and the cause is remanded to the probate court for further proceedings. Costs to appellee.

Boyles, C. J., and Chandler, North, Starr, Wiest, Butzel, and Sharpe, JJ., concurred.