SECORD *v.* VILLAGE OF LEONARD.

1. MUNICIPAL CORPORATIONS—DISCONNECTION OF AGRICULTURAL LANDS—STATUTES.

Statute authorizing disconnection from cities and villages of tracts of land of 10 acres or more which have not been subdivided, have been recently used for agricultural purposes only, are on the border or boundary of the city or village, and will not leave a part thereof isolated from the remainder *held*, not unconstitutional as unreasonable or because the classification was arbitrary (Act No. 357, Pub. Acts 1941).

2. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—DELEGATION OF POWERS TO COURT.

Act permitting disconnection of lands from cities and villages which vests power in the circuit court to deny the petition for disconnection if the granting of it would be inequitable is not invalid because of an unconstitutional delegation of legislative power to a court since the court's action would rest upon findings, arrived at in accordance with well-established rules of equity jurisprudence, depending upon the facts and circumstances in each case (Act No. 357, Pub. Acts 1941).

3. MUNICIPAL CORPORATIONS—DISCONNECTION OF AGRICULTURAL LANDS—DISCRETION OF COURT—MAINTENANCE OF HIGHWAY—STREET LIGHTING.

Disconnection of 53.02 acres comprising part of petitioner's farm located in the corner of a village, a mile square, which land was not subdivided, was neither inequitable nor an abuse of discretion of court, granted by statute, where village merely cared for the adjacent highway, had deepened a county ditch, drained the highway, and maintained one electric light on the street on which property fronted (Act No. 357, Pub. Acts 1941).

4. COSTS—PUBLIC QUESTION—DISCONNECTION OF LANDS FROM VIL-
LAGE.

   No costs are allowed upon appeal in case involving the discon-
      nection of lands from a village, a public question being in-
      volved (Act No. 357, Pub. Acts 1941).


Appeal from Oakland; Hartrick (George B.), J.
Submitted October 6, 1943. (Docket No. 18, Calen-
dar No. 42,478.) Decided November 29, 1943.

Petition by Jay Secord against Village of Leon-
ard for disconnection of land. Order for plaintiff.
Defendant appeals. Affirmed.

*G. Edson Hallock,* for plaintiff.

*Glenn G. Gillespie,* for defendant.

BUSHNELL, J.   Defendant Village of Leonard ap-
peals from an order for the disconnection of plain-
tiff Secord's lands from the village. The village of
Leonard is one square mile in area and has a popu-
lation of 276, according to the 1940 census. The
village services are meager and plaintiff's last vil-
lage taxes amounted to only $17. The lands in ques-
tion are part of Secord's farm and comprise 53.02
acres thereof, located in the northeast corner of the
village. Act No. 357, Pub. Acts 1941 (Comp. Laws
Supp. 1943, §§ 2344–11—2344–18, Stat. Ann. 1943
Cum. Supp. § 5.2246 [1] to [8]), under which dis-
connection of the lands is sought, reads in part as
follows:

"SECTION 1. The owner or owners of any area of
land consisting of 1 or more tracts, lying within
the corporate limits of any city or village, may have
the same disconnected from such city or village
under the provisions of this act if such area of land

"(1) Contains 10 or more acres;

"(2) Is not subdivided into city or village lots and blocks;

"(3) Is located on the border or boundary of the city or village: Provided, however, That such disconnection shall not result in the isolation of any part of the said city or village from the remainder of such city or village;

"(4) Shall have been for a period of 3 years next preceding the filing of the petition provided for in section 2 hereof, used for agricultural purposes only."

The act provides in section 2 thereof that, if the court finds that the allegations of the petition are true and that such area of the land is entitled to disconnection under the provisions of section 1, such land shall be ordered disconnected from the village, provided, however, "that if by reason of city- or village-owned sewers, sidewalks, highways, water mains, gas mains, or other public improvements, upon or abutting said property, it would be inequitable to such city or village to grant said petition, the circuit judge may in his discretion deny the same even though petitioner has met the qualifications set forth in section 1 hereof."

Defendant village contends that for many years it had improved and maintained the street in front of plaintiff's property and has a standing agreement with the county road commission under which, at the expense of the village, the street is graded every 10 days to 2 weeks, the snow is removed during the winter, and calcium chloride is applied at intervals during the summer to lay the dust; that for the purpose of providing adequate drainage of the highway, the village has deepened a county ditch some three feet and constructed approximately 150 feet of underground six-inch tile drain connected with two

catch basins, one of which is on the north side of the highway at plaintiff's westerly line. It also produced testimony to show that the village pays the cost of operation of a street light at about the middle of plaintiff's frontage, and that if plaintiff's property is detached from the village it will lessen in some measure the income received by defendant through tax money which is distributed to it on the basis of its assessed valuation.

The controlling question is whether, under these facts, the court abused its discretion in entering an order disconnecting the 53.02 acres of farm land from the village.

Act No. 177, Pub. Acts 1939, which for all purposes relevant to the instant case contained the same provisions as the one now under consideration (Act No. 357, Pub. Acts 1941), was held to be constitutional in *Tribbett* v. *Village of Marcellus,* 294 Mich. 607, 616. In that case it was said that the discretionary powers delegated to the court are not absolute but depend upon a judicial determination, and that "such a finding rests upon the facts and circumstances of each case; and such a conclusion rests not upon an arbitrary conclusion of the court but upon well-established rules of equity jurisprudence."

Appellant village cites several authorities from other States, as does the appellee. No useful purpose would be served in reviewing these authorities. The land in question contains 10 or more acres. It is not subdivided into city or village lots and blocks and is located on the border or boundary of the village. The court, therefore, was obliged to find that plaintiff was entitled to have his land disconnected unless, by reason of the quoted provision in section 2 of the act, such disconnection would be inequitable. Defendant village does not contend that there are any sewers, sidewalks, water mains, or gas mains,

upon or abutting the property, and rests its case solely upon the care of the highway on which the property fronts, the deepening of the county ditch, and drainage of the highway, and the maintenance of the one electric light on the street on which the property fronts.

We should not substitute our judgment for that of the trial judge, and we cannot say that he abused his discretion by granting plaintiff's petition. Nor was the order inequitable.

The order for disconnection of the land is affirmed, but without costs, a public question being involved.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.